*Decision will be entered under Rule 50.*

LEONARD FARKAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8293.   Promulgated June 30, 1947.

*Leonard Farkas, Esq.*, pro se.
*Newman A. Townsend, Jr., Esq.*, for the respondent.

## OPINION.

HARRON, *Judge*: Respondent has determined that petitioner is taxable under section 22 (a) of the Internal Revenue Code on his full

one-eighth share of the income of the testamentary trust distributable to petitioner in 1943. Petitioner was one of eight income beneficiaries under a testamentary trust set up by his father. The income was payable to each of the beneficiaries, including petitioner, for life. In 1943, while the testamentary trust was still in existence, petitioner created an *inter vivos* trust for the benefit of his brothers and sisters and transferred to it his interest in the income of the testamentary trust. The *inter vivos* trust was to terminate within ten years, or upon the death of the trustee, one of petitioner's brothers. After the creation of the *inter vivos* trust the income of the testamentary trust distributable to petitioner was paid to the *inter vivos* trust. The question is whether petitioner or the *inter vivos* trust is taxable on this income.

Petitioner contends that the *inter vivos* trust which he created in 1943 was to last for ten years, and that the income of the testamentary trust which he transferred to the *inter vivos* trust was taxable to such trust and not to him, on the authority of *Blair* v. *Commissioner*, 300 U. S. 5.

Respondent makes two contentions in support of his determination that petitioner and not the *inter vivos* trust was taxable on the income. His principal argument is that petitioner did not transfer to the *inter vivos* trust any income-producing property, but merely transferred to the trust income from property of which he remained the owner; in short, that the creation of the *inter vivos* trust merely worked an anticipatory assignment of income from petitioner to the trust for which petitioner is taxable under *Harrison* v. *Schaffner*, 312 U. S. 579, and *Helvering* v. *Horst*, 311 U. S. 112.

Respondent's second contention is to the effect that the *inter vivos* trust which petitioner set up in 1943 was not a 10-year trust, but one for which the 10-year term was only the outside limit, and that the trust could be terminated by petitioner at any time within the 10-year period. This, says respondent, makes the trust a revocable trust, the income of which is taxable to petitioner under section 166 of the Internal Revenue Code. *Corliss* v. *Bowers*, 281 U. S. 376.

For purposes of discussing the main contention of the parties, to which we now address ourselves, and which in the last analysis is whether the instant case is controlled by the rationale of the *Blair* or the *Schaffner* case, we shall assume that the term of the *inter vivos* trust was for a period of ten years.

In *Blair* v. *Commissioner*, *supra*, Blair was the life beneficiary of a testamentary trust set up by his father. He assigned to his children portions of the net trust income which he was entitled to receive for life. The trustees accepted the assignments and distributed the income directly to the children. The Commissioner attempted to tax the assigned income to Blair, the assignor. The Supreme Court held

that the assignments were valid and that the income was taxable to the children and not to their father, the assignor. The Court said:

> The will creating the trust entitled the petitioner during his life to the net income of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property. \* \* \* The interest was present property alienable like any other, in the absence of a valid restraint upon alienation. \* \* \* The beneficiary may thus transfer a part of his interest as well as the whole. \* \* \* The assignment of the beneficial interest is not the assignment of a chose in action but of the "right, title, and estate in and to property."
>
> We conclude that the assignments were valid, that the assignees thereby became the owners of the specified beneficial interests in the income, and that as to these interests they and not the petitioner were taxable for the tax years in question. \* \* \*

Under the authority of the *Blair* case, a beneficiary having a right to the net income from a trust for his life is said to have an equitable interest in the corpus of the trust, an interest in the estate. If he completely assigns that right to another, the assignee has the same equitable interest in the property or estate; and if, as in the *Blair* case, he assigns a specified amount of income for the rest of his life, the assignee still has a proportionate interest in the corpus, that part of the corpus which has the income-producing capacity in the specified amount assigned. The references in the *Blair* case present no instance where a person has transferred less than all of his future interest in all or part of the income. *Huber* v. *Helvering*, 117 Fed. (2d) 782, 784.

However, *Harrison* v. *Schaffner, supra,* does present a case where a life beneficiary under a trust has transferred less than all of his future interest in all or part of the income. In the *Schaffner* case the life beneficiary of a testamentary trust assigned to certain of her children specified amounts in dollars from the income of the trust for the year following the assignment. She made a like assignment to her children and a son-in-law in the following year. The Supreme Court held that the assigned income which was paid by the trustees to the several assignees was taxable to the life beneficiary, the assignor. The Court said with respect to the *Blair* case:

> \* \* \* It is true, as respondent argues, that where the beneficiary of a trust had assigned a share of the income to another for life without retaining any form of control over the interest assigned, this Court construed the assignment as a transfer in praesenti to the donee, of a life interest in the corpus of the trust property and held in consequence that the income thereafter paid to the donee was taxable to him and not the donor. *Blair* v. *Commissioner, supra.* But we think it quite another matter to say that the beneficiary of a trust who makes a single gift of a sum of money payable out of the income of the trust does not realize income when the gift is effectuated by payment, or that he escapes the tax by attempting to clothe the transaction in the guise of a transfer of trust property rather than the transfer of income where that is its obvious purpose and effect. We think that the gift by a beneficiary of a trust of some part of the

income derived from the trust property for the period of a day, a month or a year involves no such substantial disposition of the trust property as to camouflage the reality that he is enjoying the benefit of the income from the trust of which he continues to be the beneficiary, quite as much as he enjoys the benefits of interest or wages which he gives away as in the *Horst* and *Eubank* cases. Even though the gift of income be in form accomplished by the temporary disposition of the donor's property which produces the income, the donor retaining every other substantial interest in it, we have not allowed the form to obscure the reality. Income which the donor gives away through the medium of a short term trust created for the benefit of the donee is nevertheless income taxable to the donor. *Helvering* v. *Clifford, supra; Hormel* v. *Helvering*, 312 U. S. 552. We perceive no difference, so far as the construction and application of the Revenue Act is concerned, between a gift of income in a specified amount by the creation of a trust for a year, see *Hormel* v. *Helvering, supra,* and the assignment by the beneficiary of a trust already created of a like amount from its income for a year.

The *Schaffner* case brought to the fore the distinction drawn between gifts of income-producing property and gifts of income from property of which the donor remains the owner for all substantial and practical purposes. As illustrated by the facts involved in the *Blair* and *Schaffner* cases, it is the distinction between a gift of an equitable interest in property for life effected by a gift for life of a share of the income of the trust and the gift of the income or a part of it for the period of a year. In a sense, this distinction was foreshadowed by *Helvering* v. *Horst, supra,* where the question was whether a gift during the donor's taxable year of interest coupons which were detached from bonds and delivered to the donee shortly before their maturity, and which were later in the year paid to the donee, was income taxable to the donor. The Court ruled that the donor had assigned income and not an interest in the income-producing property, and, in speaking of the *Blair* case, said:

* * * In the circumstances of that case the right to income from the trust property was thought to be so identified with the equitable ownership of the property from which alone the beneficiary derived his right to receive the income and his power to command disposition of it that a gift of the income by the beneficiary became effective only as a gift of his ownership of the property producing it. Since the gift was deemed to be a gift of the property the income from it was held to be the income of the owner of the property, who was the donee, not the donor, a refinement which was unnecessary if respondent's contention here is right, but one clearly inapplicable to gifts of interest or wages. * * *

The facts in the instant proceeding are distinguishable from those in the *Blair* case and bring the case within the rationale of *Harrison* v. *Schaffner, supra.* Petitioner had a life interest in one-eighth of the income of the testamentary trust set up by his father. That gave him an equitable estate under the *Blair* case. Unlike the *Blair* case, however, petitioner did not assign all of his future interest in the income to the *inter vivos* trust he created in 1943. Instead, he

assigned the income for a maximum period of ten years. Petitioner was a man of wealth. He had no children. His brothers and sisters were his closest relatives. He set up the trust for the benefit of his brothers and sisters to aid them in educating their children and to take care of them in case of financial reverses, sickness, or other extraordinary needs. Petitioner testified that he had no need of the income distributable to him from the testamentary trust. The facts clearly show that he wanted to make gifts to his closest relatives, the natural objects of his bounty, under such circumstances that he would not be liable for income tax on the gifts made. Instead of receiving the income of the testamentary trust and making the gifts himself, he chose the medium of the *inter vivos* trust, transferring the income to which he was entitled under his father's trust for a period of ten years, retaining nevertheless the right to have that income at the termination of the 10-year period of the trust.

That a person should be taxed upon the income which he assigned, when he retains the corpus, is indisputably shown by the *Horst* and *Schaffner* cases, *supra*. The *Blair* case limits the application of this doctrine only to the extent that a grant by the life tenant of his full interest in the income consists of a gift of the equitable interest in the corpus as well as of the income, or, to paraphrase *Lucas* v. *Earl*, 281 U. S. 111, the "tree" as well as the "fruit" is given away. The underlying reason why a gift of income unaccompanied by the gift of the property producing the income is ineffective to relieve the donor from the tax rests on the principle "that the power to dispose of income is the equivalent of ownership of it, and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income 'derived from any source whatever'." *Harrison* v. *Schaffner*, *supra*.

In the *Schaffner* case, the life beneficiary of a testamentary trust assigned income of that trust for a year; whereas here, a life beneficiary of a testamentary trust "assigned" income of the trust for a maximum period of ten years. This, we perceive to be the chief difference in the facts, but such difference is one of degree, which, in our opinion, does not produce a difference in result tax-wise. Petitioner has a life interest in a testamentary trust which came into being in 1915. The arrangement made in 1943 finds him still holding that life interest in his father's trust after the period ends which he chose for "assigning" the income of his interest to relatives. Thus, when we view his "assignment" of income against the background of his entire interest, we find retention of an equitable estate and that "the taxpayer, in point of substance, has parted with no substantial interest in property other than the specified payments of income which, like

other gifts of income, are taxable to the donor." *Harrison* v. *Schaffner, supra.* It being his estate, the earnings every year are his income. Even though he does not receive the income for the 10-year period, he derives the enjoyment and hence the realization of income by his power to procure the payment of income to his closest relatives. *Helvering* v. *Horst, supra.*

Therefore, respondent's determination that the full one-eighth share of income of the testamentary trust distributable to petitioner in 1943 is taxable to petitioner, and not to the *inter vivos* trust which he created, is sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

ARUNDELL, *J.*, dissenting: As in *Blair* v. *Commissioner*, 300 U. S. 5, the petitioner here was a life beneficiary of a testamentary trust. That gave him an equitable interest in the corpus. See also *Irwin* v. *Gavit*, 268 U. S. 161. His equitable interest in the corpus, in the absence of a valid restraint upon alienation, was assignable in whole or in part. Here, as in *Blair*, the petitioner assigned a part of his interest to others, though here, through the medium of a second trust; and a state court has held the assignment valid. (Indeed, if it had been otherwise, the petitioner's interest would have been forfeited according to the express terms of his father's will, and then there could be no basis whatever for taxing the income to him.)

In such a case, as distinguished from the assignment of compensation for services, past, present, or future, *Blair* holds that the taxation of income is predicated upon ownership of the property; hence the tax falls on the assignee. Thus it would seem that, in the absence of a change in the rule, the analogy of the instant case to *Blair* is so close that the result logically should be the same.

We know, however, that the impact of *Helvering* v. *Clifford*, 309 U. S. 331, has forced a modification of the rule with respect to the taxation of income from property; in short, if the disposition of the property is not substantial, the income will be taxed as if no disposition at all had been made. It is therefore necessary to evaluate the present case with that principle in mind, for it can not be doubted that the intervening *Clifford* decision very largely influenced the result in *Harrison* v. *Schaffner*, 312 U. S. 579. The rationale of both cases is much the same. *Schaffner* holds that the "gift by a beneficiary of a trust of some part of the income derived from the trust property for the period of a day, a month, or a year involves no such substantial disposition of the trust property" as to allow the donor to escape the tax.

Tested in the light of the *Clifford* principle, can it fairly be said

that the petitioner has not made a *substantial* disposition of his interest in the trust property? Unlike *Clifford*, petitioner did not make himself the trustee, but chose an independent trustee. Neither did he retain any powers or control over the property. He was a bachelor and was in no way obligated to support the beneficiaries of the trust—his adult brothers and sisters and their children. Nor did he and the beneficiaries comprise either an intimate family group or one economic unit. Finally, it is clear that the mere nonmaterial satisfaction of making gifts to his brothers and sisters is not alone sufficient to require taxing the income to him. *Helvering* v. *Stuart*, 317 U. S. 154.

It is obvious that the only *Clifford* factor present in this case is the "short duration of trust"—there five years, here ten. But I know of no case where, that being the only factor present, any court has held the income of a ten-year trust taxable to the grantor. The respondent has cited none. On the other hand, the Second Circuit held exactly the contrary in *Commissioner* v. *Jonas*, 122 Fed. (2d) 169.

The conclusion of the majority that this case is controlled by *Schaffner* extends the scope of that case beyond anything I think the Supreme Court there decided or intended, and it makes of *Blair* practically a nullity. I respectfully dissent.

VAN FOSSAN, BLACK, and LEECH, *JJ.*, agree with this dissent.