FREEMAN *et al. v.* PHILLIPS, administrator *et al.*

113 589
Case 2
114 571

A devise giving a fee in land to remaindermen on the termination of a life-estate, with the restrictions that the remaindermen should "never mortgage, rent, or sell said parcel of land," vests in such remaindermen, at the death of the life-tenant, a fee in such land free from the restrictions sought to be imposed.　The restraint upon alienation, being repugnant to the nature of the estate, is void.

Argued May 2, — Decided May 24, 1901.

Petition for direction.　Before Judge Hart.　Putnam superior court.　September 19, 1900.

*W. B. Wingfield,* for plaintiffs in error.

LITTLE, J.　Phillips, administrator with the will annexed of Lazenby, filed a petition praying for the construction of a devise in

the will, to which proceeding the persons interested were made par-ties. The devise referred to is as follows: " I give to Mose Free-man, colored, of the county of Jasper, said State, two hundred and two and one half acres, more or less, of land lying in said county, being the place on which the said Mose Freeman now lives, con-ditionally that he reside on it for the balance of his life; nor can he dispose of it by rent, mortgage, or sale, or convey it in any wise whatever. I mean this bequest for his home and support during his life; and also give to him stock (mules, hogs, cattle) and the provisions and all other perishable property on the premises, at my demise. The same to inure to the benefit of the said Mose Free-man during his life, and at his death to divide equally between Jack Freeman and Jane Folds, colored, son and daughter of said Mose Freeman, to them and them alone, conditionally that they observe in their turn the aforementioned charges, never to mort-gage, rent, or sell the said parcel of land; to them and their heirs, to have and to hold; and in the event they should refuse to com-ply with the terms of bequest, then this bequest to cease and be null and void; . . and in the event of their failure or refusal to observe said stipulations, then said parcel of land, with all the belongings, to become the property of my son, Jas. M. Campbell," etc. It was shown that Mose Freeman, the life-tenant under this devise in the will, was dead; and the question which arises is, do Jack Freeman and Jane Folds, the remaindermen, take an abso-lute fee in the land devised, or do they take an estate in fee, sub-ject to be divested when any of the conditions are violated? It will be noted that the devise to the life-tenant was on condition that he should reside on the land during his life, and that he should not mortgage, rent, or sell the land, or in any wise convey it. It seems, from the reading of the words of the devise, that the con-ditions imposed on the remaindermen are not exactly the same. The language is, "the same [referring to the land] to inure to the benefit of said Mose Freeman during his life, and at his death to be divided equally between Jack Freeman and Jane Folds, . . to them and to them alone, conditionally that they observe in their turn the aforementioned charges, never to mortgage, rent, or sell the said parcel of land." Construing this language, the condition which the testator attempted to impose on the remaindermen, after creating for their benefit a fee in remainder, was that they should

never mortgage, rent, nor sell the land devised. The construction which the court below gave to this devise was that the property devised in remainder vested in the remaindermen for the uses mentioned in the will (the life-tenant Mose Freeman having died before the decedent), subject to the conditions and restrictions imposed thereon by the decedent in his will; and it was decreed that they did not take an unconditional fee, as contended for by them. In so ruling we are of the opinion that the court erred. There is no question that the devise vested title to the property in the remaindermen, either with or without the conditions named being annexed thereto. Having directed that after the death of Mose Freeman this land should be divided between Jack Freeman and Jane Folds equally, the subsequent condition that they should never mortgage, rent, or sell the same was inconsistent with this devise of the fee. The Civil Code, § 3138, declares that a condition repugnant to the estate granted is void. It requires no argument to support the proposition that a restriction on the power of alienation is repugnant to a grant in fee. Prof. Paige, in his treatise on the Law of Wills, § 684, cites a number of rulings made in many of the States, to support the proposition that a gift of land in fee, followed by a provision that the devisee shall not sell the property during his life, can not be entirely enforced, since the restraint on alienation is repugnant to the nature of the estate conveyed. In such cases the intention to pass the property, being the paramount intention of the decedent, is enforced, and the restraint upon alienation is ignored and held void. For the citations see note 105 on page 809. Mr. Underhill in his Law of Wills, declares that "it may safely be said that no case or authority is to be found, except obiter dicta, that sustains the validity of a condition restraining the power of alienating the legal title to the fee of land, even for a limited period, which is attached to a vested estate, either in possession or in remainder, in a case where the devisee is competent to convey it." It is our opinion that the court erred in ruling that the title to the land which vested in Jack Freeman and Jane Folds under this devise in the will was subject to the conditions and restrictions that they should never mortgage, rent, or sell the same; and that they took under the devise a fee in the land free from these conditions and restrictions.

　　　　*Judgment reversed. All the Justices concurring.*