CRUMPLER, executor, *v.* BARFIELD & WILSON
COMPANY.

A will contained the following item: "To my beloved daughter, Eliza M. D. Crumpler, I give and bequeath the use, benefit, and profit of fifty acres of my land [describing it]. This I give and bequeath to my daughter, Eliza M. D. Crumpler, so long as she shall desire to remain satisfied upon it, and she shall not have the right to sell or transfer the same to any other person; but when she becomes dissatisfied with same, then it shall revert back to the balance of the possession from which it was taken." The devisee went into possession of the property after the probate of the will, and remained in possession for more than thirteen years without expressing any dissatisfaction. *Held:* (1) That even if the restraints sought to be placed in the latter portion of the item of the will upon the devisee as the owner of the fee-simple estate which is created by the first sentence are not all void, it was incumbent upon the devisee to elect, within a reasonable time after she entered into possession, whether she desired to remain satisfied on the land, and thus become the absolute owner thereof. (2) That, after the lapse of the time above mentioned, she will be conclusively presumed to have elected to remain satisfied upon the property, and therefore become the fee-simple owner under the terms of the will. (3) That in any event the item of the will can not be so construed as to authorize the devisee, after entering upon the land and remaining satisfied thereon for more than thirteen years, to surrender possession to the executor and disclaim all interest in the property, for the purpose of defeating the levy of an execution founded upon a judgment against her.

Argued January 6, — Decided February 4, 1902.

Levy and claim. Before Judge Littlejohn. Dooly superior court. July 19, 1901.

*J. T. Jeter, J. F. Powell & Son,* and *J. H. Martin,* for plaintiff in error. *Thomson & Whipple,* contra.

COBB, J. Barfield & Wilson Company obtained a judgment against Miss Dolly Crumpler, and on February 5, 1900, caused the execution issued thereon to be levied upon a tract of land then in her possession. To this levy M. C. Crumpler, as executor of the will of Matilda Crumpler, deceased, interposed a claim. The claim case was tried by the judge without the intervention of a jury, upon an agreed statement of facts, from which the following appeared : Matilda Crumpler died testate, and her will was proved in solemn form and admitted to record on the 5th day of July, 1886. The third item of the will was in the following language : "To my beloved daughter, Eliza M. D. Crumpler, I give and bequeath the use, benefit, and profit of fifty acres of my land, including my

houses as they now stand, is in the southwest corner of my land in said county and 2nd district, known as lot No.² One Hundred and Sixteen (116). This I give and bequeath to my daughter, Eliza M. D. Crumpler, so long as she shall desire to remain satisfied upon it, and she shall not have the right to sell or transfer the same to any other person; but when she becomes dissatisfied with same, then it shall revert back to the balance of the possession from which it was taken." The person referred to in the item of the will just quoted as the daughter of the testatrix is the defendant in execution, and the land levied on is the land described in that item of the will. The defendant in execution has no other interest whatever in that land than such as she may have acquired under this item of the will. At the date of the levy she was living upon the land and claiming the same as her own under the item of the will, and had been in possession of the land claiming title thereto since the probate of the will. Subsequently to the levy, but not more than two months thereafter, she disclaimed all right, title, or interest in the land and turned the same over, so far as she had the right to do so, to the executor of the will, and he was at the time of the trial of the claim case in control of the property. A judgment was entered finding the property subject to the execution, and to this judgment the claimant excepted.

Under the law of this State the word "heirs," or its equivalent, is not necessary to create an absolute estate; and every conveyance is construed to convey the fee, unless a lesser estate is mentioned and limited in the conveyance. Civil Code, § 3083. Under this rule, if the first sentence of the item of the will above quoted stood alone, there would be no question as to the character of the estate the devisee took thereunder. It would be a fee simple. The question is, how far, if at all, is this fee-simple estate affected or limited by the words contained in the second sentence. "The power of alienation is necessarily incident to every estate in fee, and a condition in a devise of lands in fee simple, altogether preventing alienation, is repugnant to the estate and void. No one can create what is in the intendment of the law an estate in fee simple and at the same time deprive the owner of those rights and privileges which the law annexes to it." Pritch. Wills, § 161. See also Page, Wills, § 684; Schoul. Wills (3d ed.), § 602; 29 Am. & Eng. Enc. Law (1st ed.), 484; *Freeman* v. *Phillips*, 113 *Ga.* 589.

Mr. Pritchard in his very excellent work on Wills, from which we have already quoted, also says: "Terms of exclusion of the donee's creditors, not amounting to a limitation of the estate, can no more repel the creditors than a restraint upon alienation can tie the hands of the donee himself. Liability for debts ought to be, and is, just as much an incident of property as the *jus disponendi* is; for, indeed, it is one mode of exercising that power. By the use of no terms or art can the legal title to property be given to a man so that he may continue to own and enjoy it and at the same time defy his creditors and deny them satisfaction thereout." § 165. The second sentence in the item of the will under consideration contains an absolute restraint upon alienation; and such restraint being in violation of law, so much of the item as attempts to impose it upon the devisee must be held to be void. The controlling question, however, to be determined in the present case is, how far the fee-simple estate which is vested in the devisee under the first sentence in the item is affected by the words in the second sentence, which seem to make the estate that the devisee has in the property conditional upon her desiring to remain satisfied? It is evident from the language of the item that the testatrix did not desire her daughter to retain the property, if after entering into possession she should become dissatisfied. The use of the words, "remain satisfied upon it," show that it was the intention of the testatrix that the title to the property should vest in the daughter, and that she should enter into possession, and if after remaining in possession she should become dissatisfied, the property should, upon the expression of this dissatisfaction, revert to the estate of the testatrix. The language of the will indicates that there was in the mind of the testatrix an intention that permanent ownership of the land by the devisee should be dependent upon her being satisfied to remain thereon, but the will does not provide within what time the dissatisfaction shall be expressed. The will in effect gives to the devisee the right of election either to take the fee as conveyed under the first sentence of the item quoted, or to express her dissatisfaction with the devise, and thus cause the property to revert to the estate. It could not have been the intention of the testatrix that the devisee should remain upon the land indefinitely without determining the question as to whether she was satisfied to remain thereon. It was evidently intended that the devisee should decide

this question within a reasonable time, and not leave the matter in doubt as to who was the owner of the property, whether she owned it in fee simple, as she had a right to claim in the event she desired to remain satisfied upon the land, or whether the estate of the testatrix was the owner because the devisee was not satisfied to remain upon it.

Even if the words contained in the second sentence of the item of the will under consideration have any effect at all upon the character of the estate the devisee took ·in the land, they can not be properly construed to have any other effect than to impose upon the devisee the duty of making her election within a reasonable time as to whether she would take the land in fee simple.   The fact that she had remained in possession a reasonable time after entering thereon under the provisions of the will, and had not within such time expressed in any way her dissatisfaction to remain thereon, would conclusively show an election on her part to remain satisfied on the land, thus causing the fee-simple estate to vest in her, if the language of the item be construed as raising a condition precedent, and preventing the fee-simple title which had already vested from becoming devested by a subsequent dissatisfaction, if the language of the item be construed to raise a condition subsequent only.   If the language of the item raises a condition at all, it would seem to be one subsequent and not precedent.   See, in this connection, Taylor *v.* Mason, 9 Wheat. 326, 350 – 1.   It certainly could not have been the intention of the testatrix that her daughter should go into possession · of this land, remain thereon, contract debts, and when her creditors sought to subject the same to the payment of her debts, she should be permitted to say that she desired no longer to remain upon the land, express her dissatisfaction with the devise, turn the property over to executor of the will, and thus defeat her creditors in their effort to collect their debts.   We say it could not have been the intention of the testatrix that this state of facts should arise, for the simple reason that if such had been her intention and she had expressed the same in unequivocal words, the condition thus annexed to the estate given to her daughter would be absolutely void.   The words of the will do not demand a construction which would show such an intention, and an intention to annex to a devise an unlawful condition will not be inferred unless the language used imperatively demands it.   As the record discloses that Miss

Crumpler went into possession of the property under the will claiming no other interest than such as passed to her under the item above quoted, and remained in possession for nearly fourteen years, the presumption is that she had a "desire to remain satisfied upon it," and that she had therefore elected to take the property in fee simple, as her mother intended she should do in the event she desired to remain satisfied upon it, and the fact that the property was about to be seized for the payment of her debts would not justify her in becoming "dissatisfied with same," for two reasons: first, because the time for her to become dissatisfied had certainly expired after the lapse of more than thirteen years, and, in the second place, it was not the intention of her mother that the mere fact that the property given to her daughter was to be used to pay her debts should be the occasion of dissatisfaction; and even if this was the intention of her mother, such an intention could not be effectuated.

The evidence authorized the finding of the court that the property was subject to the execution, and there was no error committed which would require a reversal of the judgment.

*Judgment affirmed. All the Justices concurring, except*

LEWIS, J., dissenting. I am unable to concur in the judgment rendered, because, in my opinion, the devise to Eliza M. D. Crumpler in the will of her mother did not convey any estate which could possibly be made the subject of levy and sale. The qualifying words, "so long as she shall desire to remain satisfied upon it," are words of limitation, defining the duration of the estate, and are clearly to be distinguished from words creating a condition, which, if void, would render the estate absolute. 2 Bl. Com. 155–6. We are led, then, to a choice between two conclusions, either one of which is fatal to the contentions of the defendants in error. Eliza M. D. Crumpler took an estate under the will subject to be terminated at her own pleasure; or else, owing to the vagueness of the language employed in the will, she took no estate at all. The length of time during which she had "remained satisfied" upon the land can have no effect upon the nature of the estate which she took. No statute of limitations is invoked, and none is applicable. Nor does the question of fraud upon the creditors occupy any proper place in the determination of the case. The will under which their debtor took the land in dispute was duly probated, and her estate in the property was a matter of public record. If the defendants in error loaned

money upon insufficient security, they did so with their eyes open, and they can not invoke the aid of the courts to protect them against their own palpable want of foresight.

As a matter of construction, I confess my inability to follow the reasoning of the majority opinion, by which it is sought to show that the testatrix intended to allow her daughter a reasonable time within which to make her election whether or not she would take an estate in fee simple. In my opinion, everything in the portion of the will under consideration tends strongly to negative the idea that the testatrix desired her daughter in any event to take the fee. Indeed, I am inclined to the view that she went so far, in her efforts to prevent the devisee from taking a fee-simple estate, as to keep her from taking any estate at all. The provision that " when she becomes dissatisfied with same, then it shall revert," etc., seems to me to be wholly inconsistent with the idea that she intended, under any circumstances, to devise the fee. That the testatrix ought to have expressed the intention indicated in the opinion of the majority of the court may or may not be true, according to the individual view that we may take of the matter; that she did do so, I can find no warrant for holding.