## PLEMMONS et al. v. SHARP et al.

BECK, P. J. 1. An owner of land conveyed it by warranty deed to a named grantee upon the express consideration and condition that the grantee should "maintain, feed, clothe, and nurse" the grantor and his wife during sickness, "and care for them with all necessary food and raiment that is needed, as well as with fuel, . . during the life" of the grantor and his wife. And the recital of the consideration is immediately followed by this clause: "And if this consideration is not carried out as set forth in this deed, then it is null and void and of no effect." *Held*, that the provision as to avoidance

created a condition subsequent; and where the grantee voluntarily failed or refused to comply with such condition, in the deed, the grantor had a right of re-entry for condition broken. *Wilkes* v. *Groover,* 138 *Ga.* 407 (75 S. E. 353).

2. The evidence submitted at the trial authorized the jury to find the condition broken and entry and possession by the grantor.

3. Where exception is taken to the admission of evidence, the ground in the motion for new trial assigning error upon the admission of such evidence should show the name of the witness, and if it is not done the court will not pass upon this assignment of error. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523).

4. The court did not err in giving the following instructions to the jury: (*a*) " Now, on the other hand, if these plaintiffs for any reason of their own voluntarily abandoned their undertaking under this deed, then they would not be entitled to recover in the case. The duties put upon them under this deed would continue on down to the death of J. A. Callihan [the grantor]; and if the plaintiffs voluntarily discontinued the performance of these duties at any time prior to his death, that is, if they picked up and left him and ceased to perform their obligation under the deed, they would not be entitled to recover." (*b*) " Now, the court instructs you further on this line, if J. A. Callihan became dissatisfied with this agreement, or became dissatisfied with the services of the plaintiffs here, and they acquiesced in his dissatisfaction and voluntarily moved away — voluntarily left there — voluntarily discontinued their services without compulsion or coercion on the part of J. A. Callihan, the deed would be invalid and they would not be entitled to recover."

5. The re-entry of the grantor having been shown by uncontroverted evidence, the failure of the court to instruct the jury as to the effect of a failure to re-enter, in connection with the instructions given above, did not injure the plaintiffs in the case.

6. The mere failure of the court to charge upon the effect of admissions, there being no written request for instructions upon that subject, does not require the grant of a new trial.

*Judgment affirmed. All the Justices concur.*

No. 3600. OCTOBER 9, 1923.

Complaint for land. Before Judge Blair. Fannin superior court. December 9, 1922.

*Thomas A. Brown* and *B. L. Smith,* for plaintiffs.
*William Butt,* for defendants.