BLEVINS *v.* PITTMAN *et al.*

ATKINSON, Presiding Justice. 1. The words, by "any legal proceedings or order of court," contained in the devise to B., as set forth in the statement of facts, considered with the context, are sufficiently broad to in-

clude proceedings in the court of ordinary by the wife, after death of B., causing the land to be set apart to her as a statutory year's support. The proceeding causing the land to be so set apart to the widow was a breach of the condition, and cause for termination of the estate devised to B.

2. "An estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or be defeated." Code, § 85-901. "Conditions may be either precedent or subsequent. The former require performance before the estate shall vest; the latter may cause a forfeiture of a vested estate." § 85-902. "Conditions repugnant to the estate granted or to do impossible or illegal acts, or which in themselves are contrary to the policy of the law, are void." § 85-903.

(a) In the instant case the devise of the land in fee was a condition subsequent, inhibiting alienation to the wife of B. or her children directly, or indirectly as by "any legal proceedings or order of court." The restriction against alienation, being limited to one person and her children and not extending generally to all persons, was valid as against the objection that it was repugnant to the estate devised to B. Rood on Wills, 411, § 607; Cowell v. Springs Co., 100 U. S. 55, 57 (25 L. ed. 547); Overton v. Lea, 108 Tenn. 505, 554, 555, 556 (68 S. W. 250). 21 C. J. 919, 921, § 10, note 22.

(b) The case differs from *Wright* v. *Hill*, 140 *Ga.* 554 (79 S. E. 546), *Crumpler* v. *Barfield & Wilson Co.*, 114 *Ga.* 570 (40 S. E. 808), and similar cases applying the doctrine that a condition in a devise of lands in fee simple, altogether preventing alienation, is repugnant to the estate and void.

(c) The restriction upon alienation in the instant case was not void, as contended, on the ground that it was repugnant to the nature of the estate granted, contrary to law, contrary to public policy, and prevented performance of parental duties.

3. "Upon breach of condition subsequent, working a forfeiture, the person to whom the estate is limited may enter immediately." Code, § 85-906. The person to whom the condition subsequent is limited may, upon breach of the condition, "enter peaceably if he can, or assert his right to enter by an action for the recovery of the possession of the land against the grantee and those claiming under him." *Moss* v. *Chappell*, 126 *Ga.* 196 (8) (54 S. E. 968); 69 C. J. 1088, § 2326; *Wilkes* v. *Groover*, 138 *Ga.* 407 (2) (75 S. E. 353); *Plemmons* v. *Sharp*, 156 *Ga.* 571 (119 S. E. 532).

4. The petition in an action instituted by the heirs at law of the testatrix, against the widow of B., to declare a forfeiture of the devise to B., under whom she claimed, and for possession of the land, alleged a cause of action, and was not subject to the general or special grounds of demurrer.

5. The evidence relied on to show an implied trust as alleged in the defendant's answer having been ruled out by the judge, to which there was no exception in the motion for new trial, there was no evidence on which to base a verdict setting up an implied trust, whether or not such remedy was barred by the statute of limitations.

6. The answer attacked the title of the testatrix, and the deed to her executed by B., under which the testatrix claimed, as fraudulent and void, because the deed was without consideration and based on a collusive transaction between them, after separation between B. and S. as husband and wife, for the sole purpose of defeating the defendant's claim for support and alimony. On the principles governing fraudulent transactions between parties to avoid payment of debts, the evidence was sufficient to carry the case upon this question to the jury. *Wood* v. *Wood*, 166 *Ga.* 519 (2, 3) (143 S. E. 770).

7. The defendant's case does not depend upon application of the Code, § 30-112, which declares: "After suit for divorce has been filed, no transfer by the husband of any of the property, except bona fide in payment of preexisting debts, shall pass the title so as to avoid the vesting thereof according to the final verdict of the jury in the cause."

8. If the deed from B. to the testatrix was void for the reasons just indicated, the testatrix did not get title which she could devise to B., but the title would remain in B. unaffected by his conveyance thereof, and the devise back to him would be subject to the statutory year's support set apart to his widow. The judge therefore erred in directing the verdict for the plaintiffs.

*Judgment reversed. All the Justices concur.*

No. 13013. FEBRUARY 13, 1940. REHEARING DENIED MARCH 15, 1940.

*F. M. Gleason,* for plaintiff in error.
*McClure, Hale & McClure,* contra.