FARKAS *et al.* v. FARKAS, trustee.

JENKINS, Presiding Justice. 1. "Conditions repugnant to the estate granted or to do impossible or illegal acts, or which in themselves are contrary to the policy of the law, are void." Code, § 85-903.

2. Under the Code section just quoted, a devise in fee with an inhibition against alienation is repugnant to the fee, and is therefore void. *Freeman* v. *Phillips,* 113 *Ga.* 589 (38 S. E. 943); *Crumpler* v. *Barfield,* 114 *Ga.* 570 (40 S. E. 808); *Stamey* v. *McGinnis,* 145 *Ga.* 226, 227 (2) (88 S. E. 935).

(*a*) The same rule obtains, that is, an inhibition to sell a life estate is void, where such inhibition is not accompanied by a limitation over of the life estate to another, with a provision expressly providing for a

forfeiture of the life estate to take effect upon such inhibited alienation. 41 Am. Jur. 119, § 81.

(b) The general rule is different, however, and the inhibition against selling the life estate is valid where the creation of the life estate is accompanied by an estate over in remainder to another with a provision for a forfeiture of the life estate in favor of the remainderman, to take effect upon such prohibited attempted alienation. 123 A. L. R. 1475; 41 Am. Jur. 117, § 78.

(c) The rule just stated in subsection (b) has been extended, by a divided court in *Trammell* v. *Johnston*, 54 *Ga.* 340, to a case where, even though there was no provision for a forfeiture of the life estate in favor of the remaindermen, an attempt was made to violate the inhibition against a sale thereof; but the distinction appears to be that in the Trammell case the testator sought, not only to provide a life estate in the plantation in favor of his wife, but a home thereon for his three children for and during the period of her lifetime; and it was largely on account of that provision of the will that the majority opinion upheld the provision against alienation, and permitted the attack upon the conveyance by the life tenant. See 160 A. L. R. 639 for a general discussion of the subject, in which note this Georgia case is discussed.

3. If a valid limitation imposed against alienation is interwoven with, so as to constitute a part of, the grant itself, the grant or lease will be treated as a defeasible estate; and upon such inhibition being violated, the life estate ipso facto terminates. *Atlanta Consolidated St. Ry. Co.* v. *Jackson*, 108 *Ga.* 635 (34 S. E. 184); 51 A. L. R. 1473.

(a) If however, as here, the inhibition is set up by way of an independent condition subsequent, so as not to constitute part of the grant itself, the estate does not ipso facto terminate upon the happening of the thing inhibited, but continues unless the parties interested in a forfeiture should assert their right thereto and thus terminate the interest of the life tenant. *Norris* v. *Milner*, 20 *Ga.* 563 (2); *Edmondson* v. *Leach*, 56 *Ga.* 461; *Peacock &c. Naval Stores Co.* v. *Brooks Lumber Co.*, 96 *Ga.* 542 (23 S. E. 835); *Moss* v. *Chappell*, 126 *Ga.* 196 (8) (54 S. E. 968, 11 L. R. A. (N. S.) 398); *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135 (1-d) (60 S. E. 836).

(b) No one other than the devisor, or grantor, holding the reversionary interest, or a privy in estate under him, will be heard to invoke a forfeiture on account of a breach of a condition subsequent. *Richmond Cotton Oil Co.* v. *Castellaw*, 134 *Ga.* 472 (2) (67 S. E. 1126).

(c) The right to a forfeiture may be expressly or impliedly waived by those entitled to claim it. *City of Barnesville* v. *Stafford*, 161 *Ga.* 588 (4) (131 S. E. 487, 43 A. L. R. 1045); *Moss* v. *Chappell*, 126 *Ga.* 196 (supra); 19 Am. Jur. 552, § 91.

4. In this case the inhibition against a sale of a life estate being clearly a condition subsequent, and there being no effort on the part of any one interested to claim a forfeiture by reason of the execution of the trust deed by the life tenant, but on the contrary, as is conceded, each and every party at interest having by his answer to this proceeding expressly waived and renounced any and all right to a forfeiture, it necessarily follows that the legacy to the life tenant here involved remains

888

valid, and the trust executed by the life tenant with respect to the same is likewise valid and binding upon all parties at interest.

*Judgment affirmed. All the Justices concur.*

No. 15510. JULY 2, 1946.

*James V. Davis,* for plaintiffs in error. *Leonard Farkas* and *Walter H. Burt,* contra.