## BARRON *v.* ANDERSON et al.

No. 16255. JULY 13, 1948.

*J. W. Barnett* and *Harry S. Strozier,* for plaintiff in error.
*John R. L. Smith,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) It is legally possible for one person to sell land to another at an agreed price, and at the same time reserve the right to repurchase it, and if actually made in good faith such a transaction is enforceable in equity. *Felton* v. *Grier,* 109 *Ga.* 320 (35

S. E. 175); *Cowart* v. *Singletary*, 140 *Ga.* 435 (2) (79 S. E. 196, 47 L. R. A. (N. S.) 621, Ann. Cas. 1915A, 1116). The allegations of the petition show a conveyance by W. W. Barron Jr. to J. J. Barron of described land, the deed containing an option in favor of the grantor and his heir, W. W. Barron III, to redeem the land within two years by paying the principal sum stated as the consideration for the deed and interest at the legal rate. Such a contract is authorized by the authorities above cited. It is shown by the petition that the grantor and the petitioners made a tender to the defendant, J. J. Barron, within the requisite period for the purpose of redeeming the land, but that the defendant refused to accept the tender, asserting that neither W. W. Barron Jr. nor the petitioners had any right to redeem the land. On the same day W. W. Barron Jr., for a valuable consideration, conveyed the land to the petitioner, together with all his rights, title, interest, and privileges of redemption of the said land. This constituted a proper and legal assignment of the option to redeem, the petitioners being subrogated to all the rights of W. W. Barron Jr. Code, § 85-1903; *Robinson* v. *Perry*, 21 *Ga.* 183 (68 Am. D. 455); *Fulcher* v. *Daniel*, 80 *Ga.* 74 (4 S. E. 259); *Perry* v. *Paschal*, 103 *Ga.* 134 (29 S. E. 703); *Ross* v. *Glover*, 156 *Ga.* 109, 114 (118 S. E. 691). "Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract." *Clark* v. *Cagle*, 141 *Ga.* 703 (1) (82 S. E. 21, L. R. A. 1915A, 317); *Funk* v. *Browne*, 145 *Ga.* 828 (1) (90 S. E. 64); *Tolbert* v. *Short*, 150 *Ga.* 413 (4) (104 S. E. 245); *Lewis* v. *Trimble*, 151 *Ga.* 97 (106 S. E. 101). See also *Irvin* v. *Locke*, 200 *Ga.* 675, 676 (1) (38 S. E. 2d, 289). As stated in *Reeve* v. *Hicks*, 197 *Ga.* 181, 197 (28 S. E. 2d, 649), quoting from 8 Thompson on Real Property, 506, § 4569, in reference to the legal significance of an option: "The owner does not sell his land; he does not then agree to sell it but he does then sell something, viz., the right or privilege to buy at the election, or option, of the other party. The second party gets in præsenti, not lands, or an agreement that he shall have lands, but he does get something of value; that is, the right to

call for and receive land if he elects." Having this right to exercise the option, under the equitable principle announced in the authorities above cited, specific performance will be decreed if the contract be certain and just. The petition shows that the consideration to be paid for the redemption of the land was in the same amount as that for which the land was sold to the defendant, plus interest at the legal rate. Consequently, in equity it must be said that the contract was certain and fair, and that upon a proper tender and demand the petitioners would be entitled to the specific performance here sought. It is shown by the petition that after the transfer and assignment of his option to have the land reconveyed to him at any time within two years from February 17, 1945, which transfer and assignment of the option was recited in the deed from W. W. Barron Jr. to the petitioners, they made a tender to the defendant on September 6, 1946, in full conformity with the terms of the option. Their unconditional offer to perform entitles them to maintain the present action for specific performance, and the court did not err in overruling the motion to dismiss.

*Judgment affirmed. Jenkins, Chief Justice, and Atkinson, Wyatt, Head and Candler, Justices, and Judge Lilly concur.*