33665. ALDERMAN *v.* CRENSHAW *et al.*

DECIDED JULY 16, 1951.

*Gibson & Maddox*, for plaintiff in error.

*D. C. Sapp, Marshall Ewing, Arthur C. Farrar*, contra.

TOWNSEND, J.   (After stating the foregoing facts.)

■ A condition in a deed prohibiting a tenant in fee simple · from alienating the land conveyed thereby is repugnant to the estate limited and is absolutely void. *Farkas* v. *Farkas*, 200 *Ga.* 886 (2) (38 S. E. 2d, 924); *Stamey* v. *McGinnis*, 145 *Ga.* 226 (88 S. E. 935); *Crumpler* v. *Barfield*, 114 *Ga.* 570 (40 S. E. 808); *Freeman* v. *Phillips*, 113 *Ga.* 589 (38 S. E. 943); Tiffany, Law of Real Property, 3rd ed., § 198; 26 C.J.S., Deeds, § 145. Code § 85-903 provides that conditions repugnant to the estate granted are void. An estate in fee simple, such as that conveyed by this deed, carries with it as a natural incident the right to sell or otherwise dispose of the land conveyed. A deed may contain reservations or exceptions as to a part of the estate in favor of the grantor, and he may thereby reserve some part of the estate to himself when proper words are contained in the granting clause, and the intention to make such reservation or exception clearly appears. *Grant* v. *Haymes*, 164 *Ga.* 371 (138 S. E. 892). Thus, it has been held that where in the granting clause of the deed, or in the sentence immediately following the same, the grantor reserves the right of decision as to whether the property shall be sold, and to whom, such a restriction is valid. Iowa Farm and Credit Corp. *v.* Halligan, 214 Iowa 903 (241 N. W. 475); Harman *v.* Hurst, 160 Md. 96 (153 Atl. 24). Here the restriction against alienation is not a part of the granting clause, nor placed in juxtaposition thereto. The general rule is that a restriction against alienation without the consent of the grantor or another is void. See Davis *v.* Geyer, 151 Fla. 362 (9 So. 2d, 727), and cases there cited; Northwest Real Estate Co. *v.* Serio, 156 Md. 229 (144 Atl. 245); Hill *v.* Gray, 160 Ala. 273 (49 So. 676). And this is true even though the parties are co-tenants. Anderson *v.* Broadwell, 199 Cal. App. 150 (6 Pac. 2d, 267); Smith *v.* Smith, 290 Mich. 143 (287 N. W. 411, 124 A. L. R. 215). Although some force is lent by the A. L. R. annotation following the Smith case to the defendant's contention here that the rule holding restrictions against alienation of property should not be given the same force where the parties to the deed are tenants in common, since the opposite party, as a co-tenant, has a greater interest in the land than would a grantor who had parted with all interest in the property other than that contained in any valid

restrictions in the deed itself, this contention does not appear to be upheld by the cases cited therein. It is noted that in *Wright* v. *Hill*, 140 *Ga.* 554 (79 S. E. 546), where the testator created a life estate in his children with a contingent remainder over and one of the children thereafter died, the one-seventh undivided interest vested in the children of the deceased child and they were entitled to prevail in a partitioning proceeding brought against the other children of the deceased who were their co-tenants, regardless of the stipulation in the will that the estate was not to be divided until the issue of such co-tenants became of age, because the effect of such provision was to deprive the plaintiffs, who were themselves of age, of the fee-simple estate vested in them, and such stipulation was therefore void. The fact that the heirs were tenants in common did not alter this situation.

It has always been the rule in Georgia that a restriction in a deed inhibiting alienation is void. See *Farkas* v. *Farkas*, supra. We hold that this rule applies to a restriction in a deed inhibiting alienation without the consent of the grantor, and that this is true even though the grantor is a tenant in common. Had the reservation been retained in the granting clause, or had the deed contained a valid condition subsequent or reverter clause in the event of such alienation we might reach a different result, but the mere statement contained in the body of the deed that it is not to be sold or disposed of without the written consent of the grantor, where the granting and habendum clauses convey a fee-simple estate, is void, and the court did not err in so holding.

■ There was no written option to repurchase, either in the deed or by an agreement in connection therewith. The defendant attempts to set up an oral agreement to the effect that, should the plaintiffs wish to sell their interest in the lands, they must first offer it to the grantor at the original purchase-price. Such an agreement is obviously unenforceable under the statute of frauds (Code, § 20-401 (4)). See *Neely* v. *Sheppard*, 185 *Ga.* 771, 783 (196 S. E. 452); *Robinson* v. *Odom*, 35 *Ga. App.* 262, 263 (4) (133 S. E. 53).

The trial court did not err in denying the prayers of the plaintiff's answer and ordering that a writ of partition issue.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*