35884, 35888. JOHNSON *et al.* v. FLANDERS (two cases).

DECIDED OCTOBER 6, 1955.

698

A. R. Ross, for plaintiffs in error.
Will Ed Smith, contra.

QUILLIAN, J. 1. The deeds having been executed and delivered by the grantor during her life, conveying a present estate to the grantees named in them, were not testamentary in their nature (Mays v. Fletcher, 137 Ga. 27 (1), 72 S. E. 408; Shelton v. Edenfield, 148 Ga. 128, 96 S. E. 3), and conveyed to each of the children a vested remainder interest in lands.

2. The condition or provision contained in each of the deeds that the grantee hold for his or her lifetime and not sell, transfer, assign, or encumber it without the consent of the grantor's other children was repugnant to the estate granted, and for that reason legally ineffectual. Farkas v. Farkas, 200 Ga. 886 (2) (38 S. E. 2d 924).

3. Had the provision or condition referred to in the preceding division been a valid restriction upon the right of the grantee to dispose of the property during his or her life, that one of the grantees made a testamentary disposition of his interest did not violate the condition.

4. The wife became a tenant in common with the other grantees, and was entitled to institute partition proceedings to have the lands divided according to the provisions of Code Ch. 85-15.

Judgments affirmed. Felton, C. J., and Nichols, J., concur.