19063. GEARHART v. WEST LUMBER COMPANY.

19084. WEST LUMBER COMPANY v. GEARHART et al.

MOBLEY, Justice. 1. Where a deed in consideration of $10 was executed by a corporation and delivered, purporting to convey fee-simple. title to a tract of land, which deed contained an agreement that the property "will be used for county school purposes only, and should this provision be violated, the grantor herein shall have the right to purchase the above property for $2,000," such clause did not create a conditional estate dependent upon a condition subsequent. *Johnson* v. *Hobbs,* 149 *Ga.* 587 (2) (101 S. E. 583).

2. The owner of realty may legally sell it to another at an agreed price, and at the same time reserve the right to repurchase the land within a specified time. *Barron* v. *Anderson,* 204 *Ga.* 7 (48 S. E. 2d 846), and cases cited. However, the clause in the present deed, which authorized the grantor to purchase the land at a stated price, without fixing any time limit during which the property should be so used or within which the option should be exercised, was void as violative of the rule against perpetuities. Code § 85-707; 41 Am. Jur. 84, § 41; *Turner* v. *Peacock,* 153 *Ga.* 870 (113 S. E. 585); *Brown* v. *Mathis,* 201 *Ga.* 740 (2) (41 S. E. 2d 137).

(*a*) The instant case is distinguished by its facts from *Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135 (1) (60 S. E. 836), where a grantor reserved the right to repurchase land in the event it was offered for sale "during the life-time or at the death" of the grantee, and where, notwithstanding the fact that the grantee had not violated the condition in his deed, there was an unsuccessful attempt by a third person, who claimed title under the grantor, to use the reverter clause as a defense in a suit the grantee filed against him for damages for cutting timber. The event upon which the grantor was to have the privilege to repurchase—namely, the offering for sale of the property by the grantee, or the death of the grantee— had not occurred, and it was upon this that the decision was based, and not upon whether the agreement as to repurchase was a condition subsequent or a covenant.

3. The grantor's petition in ejectment, seeking to recover the land in question because of an alleged violation of the agreement to use the land for county-school purposes, failed to set forth a cause of action, and the trial court erred in overruling the defendants' general demurrers thereto, thus rendering further proceedings nugatory.

*Judgment reversed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1955—DECIDED OCTOBER 13, 1955—
REHEARING DENIED NOVEMBER 16, 1955.

*Roland Neeson, Stephens Mitchell, J. A. McCurdy,* for Gear-hart *et al.*

*Henry M. Hatcher, Johnson, Hatcher & Meyerson,* for West Lumber Co.