24832. THOMAS et al., by Guardian ad Litem v.
CITIZENS & SOUTHERN NATIONAL BANK, Trustee, et al.
24833. McKEY et al., by Guardian ad Litem v.
CITIZENS & SOUTHERN NATIONAL BANK, Trustee, et al.
24834. CITIZENS & SOUTHERN NATIONAL BANK,
Trustee v. McKEY et al.
24835. McLANE, Guardian ad Litem v. CITIZENS
& SOUTHERN NATIONAL BANK, Trustee, et al.

SUBMITTED SEPTEMBER 12, 1968—DECIDED SEPTEMBER 23, 1968.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellants (case No. 24832).

*W. Gus Elliott, John N. Peeples, J. Converse Bright, J. Lundie Smith, H. Arthur McLane,* for appellees.

*J. Lundie Smith,* for appellants (case No. 24833).

*John N. Peeples, J. Converse Bright, W. Gus Elliott, O. Wayne Ellerbee,* for appellees.

*W. Gus Elliott,* for appellant (case No. 24834).

*John N. Peeples, J. Converse Bright, J. Lundie Smith, O. Wayne Ellerbee,* for appellees.

*H. Arthur McLane,* for appellant (case No. 24835).

*W. Gus Elliott, John N. Peeples, J. Converse Bright, J. Lundie Smith, O. Wayne Ellerbee,* for appellees.

UNDERCOFLER, Justice. This is a declaratory judgment action for the construction of a will. The appeal is from a decree declaring certain bequests void under the rule against perpetui-

ties and decreeing that the estate vests in the last takers under legal limitations.

The testator, after making certain specific bequests, placed the residue of his estate in trust. He provided that the entire income from the trust was to be paid to his two named sisters and to the survivor for life. Both sisters are now deceased.

Item 7 of the will provides: "At the time of the execution of this will, I have one niece and two nephews, namely, Susie McKey Thomas, Converse McKey and Robert Wilburn McKey, all of whom are in life. One nephew, namely, Earle S. McKey, Jr., has departed this life, leaving one child, namely, Earle S. McKey, III, who, under the terms of his will, is to be entitled to receive such part of the income from my estate as would have gone to my said nephew, Earle S. McKey, Jr., had he survived me and been living at the time provided herein for a distribution of such income. Upon the death of the survivor of my two sisters, my trustee herein named shall make a division of the income of my estate into shares so that there will be shares of equal amounts for each of my niece and nephews, who may then be living, and as well for lineal descendants (per stirpes) of any of my niece or nephews, who may have died leaving lineal descendants in life. The net income from the trust estate shall be divided equally among the shares so set up and delivered to those entitled quarter-annually or at such other time as may be agreed upon between those entitled and my said trustee.

"There shall be no division of the corpus of my trust estate until the last of my niece and nephews has died and all children of my niece and nephews shall have reached the age of twenty-five years. When the youngest of such children has reached the age of twenty-five years, the entire trust estate on hand shall vest in the children of my said niece and nephews who may then be in life, and the lineal descendants of such children who may have died (but who shall take per stirpes only), share and share alike.

"After the death of the survivor of my two sisters, the net income from the trust estate shall be divided equally among my said niece and nephews, if they are in life; or among such of

them as may be in life and representatives of those who may be deceased leaving lineal descendants in the following manner, to wit:

"In the event of the death of either of my said niece or of my said nephews leaving no issue or lineal descendants, then the share in the trust income provided for her or him shall immediately cease and the net income from the trust estate shall thereafter be divided among the survivors of my said nephews and niece or representatives thereof in the manner herein specified; but, if my said niece or any of my nephews shall die leaving issue or lineal descendants, then his or her portion of the trust income shall be paid over to his or her lineal descendants per stirpes until such time as there shall be a division of the trust estate, as herein provided for. If any such lineal descendants shall die without issue before time for a division of the trust estate as herein provided for, the interest of such descendant in both the trust income and the corpus of the trust estate shall cease and terminate, and it shall be divided among the others entitled to receive the same hereunder.

"After all of my niece and nephews have died and after all their children, who may be in life, have reached the age of twenty-five years, my trustee shall proceed to divide the trust estate and pay over and deliver it to the final beneficiaries who are, as hereinbefore stated and indicated, the child or children of my niece and nephews per capita and the lineal descendants of any such children who may have died per stirpes. In other words, it is my intention that, regardless of the number of children who may be left by my niece and nephews, these shall take equal shares in my trust estate, but the lineal descendants of such children shall take per stirpes."

■ "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." *Code Ann.* § 85-707. "The rule

against perpetuities is one of the most beneficent provisions of of our law relative to estates. Nothing could interfere more with commerce in lands than for the title to be encumbered with an indefinite succession." 1 Redfearn on Wills (3rd Ed.) 469, § 175. "The rule against perpetuities, either at common law or under a statutory form prohibiting suspension of the power of alienation for more than a prescribed period, is not a rule of construction but a positive mandate of law to be obeyed irrespective of the question of intention, and is to be applied even if the accomplishment of the expressed intent of the testator is made impossible. It is to be applied after testator's intentions are discovered, its object being to defeat a manifest intention which is contrary to the well-recognized policy of the law." 41 AmJur 58, § 13.

The classic example of a void bequest is one which is to be divided among testator's grandchildren who reach 25 years of age. "There is often a gift to a class of persons, for example, to the grandchildren of a testator, upon a contingency which may happen beyond the limits of the Rule against Perpetuities; as, for instance, a bequest of money to be divided among those of the testator's grandchildren who reach twenty-five. Such a gift is bad, although the testator has grandchildren living at his death." Gray, Rule against Perpetuities, (4th Ed.) 391, § 369; 41 AmJur 98, § 54; Mitchell, Real Property, p. 352; Simes, Future Interests (2d Ed.) § 1265; *Fuller v. Fuller*, 217 Ga. 316, 323 (122 SE2d 234). The devise to the children of the niece and nephew in the instant case is in this category and is void for remoteness.

The testator directed that "When the youngest of such children [children of the niece and nephews] shall have reached the age of twenty-five years, the entire trust estate shall vest in the children of my said niece and nephews *who may then be in life. . .*" Such future estate is contingent. *Burton v. Patton,* 162 Ga. 610 (134 SE 603). And since the event upon which the contingency is based may occur beyond the rule against perpetuities, the estate is void for remoteness. *Lanier v. Lanier*, 218 Ga. 137 (126 SE2d 776), is not authority for a contrary conclusion. Likewise the gift of income to the "lineal descendants"

of the niece and nephews "until such time as there shall be a division of the trust estate" is also too remote because it may not vest within the rule. And since the provision, "In the event of the death of either of my said niece and nephews leaving no issue of lineal descendants, then the share in the trust income provided for her or him shall immediately cease and the net income from the trust estate shall thereafter be divided among the survivors of my said nephews and niece or representatives thereof in the manner specified" is an integral part of the same disposition, it must also fail. In our opinion these provisions are inseparable and to hold otherwise would violate the testator's intention and his general testamentary scheme.

"When a part only of a gift is invalid by reason of the rule against perpetuities and the invalid limitation is an essential part of the general scheme of the will or gift, the several parts of the devise or the grant are treated as inseparable and the whole is adjudged void. Thus, if a part of the testator's general scheme or dominant intent is that an estate shall be kept entire for an unlawful period, no part of the scheme can be sustained, and the estate to which the void provisions relate vests immediately in the heir. But where the various provisions of a will are in fact independent and not for the carrying out of a common or general purpose, those which are contrary to the rule may be rejected and the valid provisions upheld. The test is whether the invalid parts are so interwoven with those which are valid that the former may not be eliminated without interfering with or changing in any essential the main testamentary scheme. This can usually be done when it is clear that the gifts which do not transgress the rule are so independent that it is manifest that the testator would have desired that they should stand if he had been aware of the invalidity of the rest, but if the valid and invalid gifts are so connected that the presumed wishes of the testator would be defeated if one portion was retained and other portions rejected, or if manifest injustice would result from such construction to the beneficiaries or some of them, then all the gifts must be construed together and all must be held illegal and must fall. For example, gifts of life estates have been upheld upon this principle,

notwithstanding ultimate or incidental limitations violated the rule, where the testator's dominant purpose was to provide for the life tenants, and the gifts were capable of separation from the part which transgressed the rule." 41 AmJur 100, § 57.

■ "When an attempt is made to create a perpetuity, the law gives effect to the limitations not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." *Code Ann.* § 85-707. *Shewmake v. Robinson,* 148 Ga. 287 (2) (96 SE 564). Accordingly we find that the niece and nephews in the instant case, namely, Susie McKey Thomas, Earle S. McKey, III, William Converse McKey and Robert Wilburn McKey, have fee simple title to the trust estate and are entitled to distribution as ordered by the trial court. *Landrum v. National City Bank of Rome,* 210 Ga. 316, 320 (80 SE2d 300). *Singer v. First Nat. Bank & Trust Co.,* 195 Ga. 269 (24 SE2d 47), does not conflict with this holding. In that case the class of life beneficiaries had not closed. In the instant case we find that the life income was not devised to a class of nieces and nephews but to a named niece and three named nephews and there is no possibility of additional nieces and nephews sharing in this life income.

*Judgment affirmed. All the Justices concur.*