## 53335. FLOYD v. HOOVER et al.

QUILLIAN, Presiding Judge.

The ultimate question at issue in this appeal, which was transferred to this court by the Supreme Court, is the construction and effect of a clause contained in a deed from the defendant Hoover to the plaintiff Floyd, which conveyed 0.94 acre of land. Defendant Hoover owned approximately 1,000 acres of land, surrounding his house. He leased the land to plaintiff Floyd who asked to purchase a lot upon which he would build a home. He selected a location approximately 150 feet from defendant's home. Defendant did not want to sell land at that location as the plaintiff "might decide at some time to move or sell it to undesirable people or use [it] for purposes other than residential. [He] did not want a beer joint or a used car lot or something like that put out there next to [his] home." Defendant stated he required a condition to be placed in the deed of conveyance and "explained it to [plaintiff] in detail" and had his attorney explain it to him. Plaintiff testified that "[t]he way [he] understood it was that [the defendant] had the first refusal. Whenever [he] went to sell it, whatever offer [he] got, [the defendant] had the first refusal."

The deed contained the usual granting clause, followed by the legal description. Immediately following the description was this paragraph: "This property is conveyed subject to the express limitation that Grantor reserves the right to purchase said property in the event it is offered for sale, or otherwise offered for transfer, for and during the lifetime of both the Grantees, and at the death of the survivor of the Grantees, at a price mutually agreed to by the parties, and in the event no agreement can be reached as to the price, the price shall be determined by arbitration . . . Both parties agree to be bound, and are hereby bound by the return of the arbitrators. In the event Grantees, or either of them, violate the terms of this condition subsequent, the fee simple title shall revert to the Grantor. This reservation shall bind the heirs, executors, and administrators of the parties hereto."

The habendum clause conveyed the "said bargained premises . . . in fee simple, with the condition subsequent."

Both plaintiff and defendant signed the deed. Plaintiff's lease expired. He wanted to move to another county. He offered the house for sale but prospective purchasers appeared reluctant to buy the property because of the above mentioned clause. Plaintiff wanted $60,000 for his property and defendant offered $45,000. He brought this action for declaratory judgment, asserting that such clause was "void and unenforceable as being a condition repugnant to the estate granted, an unlawful restraint upon alienation and a forfeiture . . . [and] in violation of the rule against perpetuities." Count 2 alleged that the condition was "a cloud upon plaintiff's title. . ." Count 3 prayed for a determination of whether or not defendant was "bound to purchase [this property] at whatever price . . . finally reached" if this matter was submitted to arbitration.

Motions for summary judgment were filed by both parties. The trial court granted summary judgment for defendant and denied summary judgment for plaintiff. In so doing, the court held that the clause cited above conferred upon defendant an option to repurchase and was not void for any reason asserted by the plaintiff. The court further found that the defendant was not bound to repurchase the land, but was bound by the amount determined by any arbitration, and would have a reasonable time to exercise his election as to whether or not to repurchase. Plaintiff appeals. *Held:*

1. Plaintiff contends the court erred in holding that the clause "reserving a repurchase option to defendant Hoover was not void as being repugnant to the fee simple estate granted or as an illegal restraint upon alienation . . ." We do not agree. Our Code provides that "every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." Code § 85-503. The defendant grantor in this instance expressly granted a lesser estate. Further, "[a]n estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or be defeated." Code § 85-901. "Conditions may be either precedent or subsequent. . . [T]he latter may cause a forfeiture of a vested estate. The law inclines to

construe conditions to be subsequent rather than precedent, and to be remediable by damages rather than by forfeiture." Code § 85-902.

"Equity seeks always to construe conditions subsequent into covenants, and to relieve against forfeitures, where the rules of construction will allow." Code § 37-216. And "[a] deed will not be construed as a grant on condition subsequent, unless the language used by express terms creates an estate on condition, or unless the intent of the grantor to create a conditional estate is manifest from a reading of the entire instrument." *Thompson v. Hart,* 133 Ga. 540 (1) (66 SE 270).

"The cardinal rule of construction, both at common law and under our code, is, that instruments containing conditions, limitations, and restrictions are to be construed in each case in such way as to carry into effect the intent of the parties as gathered from the instrument as a whole." *Wadley Lumber Co. v. Lott,* 130 Ga. 135, 137 (60 SE 836). An important consideration in determining whether a clause is a condition subsequent, is the presence or absence of a re-entry clause by the grantor or his heirs. *Self v. Billings,* 139 Ga. 400, 403 (77 SE 562). The deed here construed had a re-entry clause. More importantly, words of forfeiture, avoidance, or defeasance, as in this instance, are generally construed to convey an "estate in fee on a condition subsequent." *Jones v. Williams,* 132 Ga. 782 (2) (64 SE 1081); *Wilkes v. Groover,* 138 Ga. 407 (1) (75 SE 353); *Johnson v. Tullis,* 152 Ga. 232, 234 (109 SE 659); *Plemmons v. Sharp,* 156 Ga. 571 (1) (119 SE 532). More precisely, the grantee's estate is called a "fee simple defeasible . . ." as it may be defeated by the happening of the condition subsequent. Mitchell, Real Property in Georgia, p. 172. Construing the deed as a whole, we find the language creates a condition subsequent.

Plaintiff asserts that the condition is "repugnant to the fee simple estate granted." Admittedly, a devise in fee simple absolute with an inhibition against alienation is repugnant to the fee granted. *Farkas v. Farkas,* 200 Ga. 886 (2) (38 SE2d 924). The power of alienation is necessarily incident to every estate in fee simple absolute and no one can create what is intended in law to be a fee

simple absolute and at the same time deprive the owner of those rights and privileges which the law attaches to that estate. *Crumpler v. Barfield & Wilson Co.,* 114 Ga. 570, 571 (40 SE 808). Such condition is inconsistent with the fee, repugnant to the estate granted, and is void. *Freeman v. Phillips,* 113 Ga. 589, 591 (38 SE 943).

The answer here, of course, is that a fee simple absolute estate was not conveyed. An estate in fee simple absolute is an estate in fee simple which is *not subject* to a special limitation, or a condition subsequent, or an executory limitation. Restatement of the Law, Property § 15. What was conveyed was a fee simple defeasible, which is an estate in fee simple subject to a condition subsequent. Restatement of the Law, Property § 16.

(a) The condition subsequent was not such a restriction upon alienation as would be repugnant to the estate granted. *City of Barnesville v. Stafford,* 161 Ga. 588 (5) (131 SE 487). "[T]he owner of property has a right to dispose of it with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate. Repugnant conditions are those which tend to the utter subversion of the estate, such as prohibit entirely the alienation or use of the property. Conditions which prohibit its alienation to particular persons or for a limited period, or its subjection to particular uses, are not subversive of the estate: they do not destroy or limit its alienable or inheritable character." Cowell v. Springs Co., 100 U. S. 55, 57 (1) (25 LE 547). Accord, *Blevins v. Pittman,* 189 Ga. 789 (2a) (7 SE2d 662).

(b) The condition subsequent, with right of reentry, and forfeiture of the estate conveyed grantee, is not void because it could work a forfeiture. See *Wadley Lumber Co. v. Lott,* 130 Ga. 135 (1), supra. If a valid limitation imposed against alienation is interwoven with, so as to constitute a part of, the grant itself, the grant will be treated as a defeasible estate, and upon the inhibition being violated the estate conveyed is forfeited and terminates. *Farkas v. Farkas,* 200 Ga. 886 (3), supra; *Georgia, Ashburn, Sylvester &c. R. Co. v. Johnson,* 226 Ga. 358 (174 SE2d 895). Our Code expressly recognizes that the violation of a valid condition subsequent may forfeit a vested estate. Code § 85-902. There is no merit to

the assignment.

2. Plaintiff contends the clause containing the condition subsequent is also invalid under the rule against perpetuities. Code Ann. § 85-707 (Ga. L. 1953, pp. 42, 43). We do not agree. An owner of realty may legally sell it to another and at the same time reserve the right to repurchase the land *within a specified time. Barron v. Anderson,* 204 Ga. 7, 9 (48 SE2d 846); *Gearhart v. West Lumber Co.,* 212 Ga. 25 (2) (90 SE2d 10). However, "[a]n option to purchase realty or an interest therein which is unlimited as to the time within which the option may be exercised constitutes a perpetuity and is prohibited under the statute." *Smith v. Aggregate Supply Co.,* 214 Ga. 20, 22 (102 SE2d 539); *Gearhart v. West Lumber Co.,* 212 Ga. 25 (2), supra. Also a contingent estate based upon an event which may occur beyond the rule against perpetuities is void for remoteness. *Thomas v. C. & S. Nat. Bank,* 224 Ga. 572 (1) (163 SE2d 823). The instant case is similar to the facts of *Wadley Lumber Co. v. Lott,* 130 Ga. 135 (1), supra, in which the grantor reserved the right to repurchase the land conveyed in the event it was offered for sale "during his lifetime or at the death" of the grantee. Here, the critical words were those which retained the option to repurchase "in the event it is offered for sale . . . for and during the lifetime of both the Grantees and at the death of the survivor of the Grantees. . ." There was only one grantee. The use of the plural was obviously designed to include the wife of the grantee. We find no violation of the rule against perpetuities when the option was limited in time to the life of the grantee and his wife, or at the death of the survivor of the grantees. *Wadley Lumber Co. v. Lott,* 130 Ga. 135 (1), supra.

3. We concur in the construction by the judge of that part of the deed that the grantor reserved only the option to purchase and was not obligated to purchase at any price set by the arbiters.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

Argued January 12, 1977 — Decided February 22, 1977 — Rehearing denied March 14, 1977 —

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellant.

*Grant, Smith & Shiver, William F. Grant,* for appellees.