## 57584. LUFBURROW et al. v. WILLIAMS.

CARLEY, Judge.

Appellee's deceased husband was the named grantee in three separate deeds executed in April of 1975. Each of the deeds contained the following language, to wit: "It is further stipulated and agreed by and between grantors and grantee that grantee, his heirs or assigns, shall not divest himself or themselves of title to the land herein conveyed without first offering the same to all living descendants of Stephen Bullman Lufburrow at its fair market value as determined by the tax assessors for Screven County, Georgia, for ad valorem tax purposes." Subsequent to the execution of the deeds, the named grantee died testate devising all of the property described in said deeds to appellee, his widow. Title to said property became properly vested in appellee by virtue of a deed assenting to the devise in accordance with the powers of the probated will executed by appellee as executrix and naming as grantee appellee in her individual capacity.

In 1977 appellee entered into a contract to sell the property without offering the same to "all living descendants of Stephen Bullman Lufburrow." Because of the resulting controversy, appellee instituted a declaratory judgment action alleging that the above quoted language in the deeds purported to create a future interest in the property which was void as violative of the rule against perpetuities. Appellee prayed that the court apply the rule and declare appellee to be vested with fee simple, absolute title to said property. The trial court granted summary judgment in favor of appellee and appellants, descendants of Stephen Bullman Lufburrow, appealed to this court. It appearing that this case addressed itself to the exclusive jurisdiction of the Supreme Court, we initially transferred the case to the Supreme Court. However, by subsequent order, the

Supreme Court returned the case to this court for decision.

The rule against perpetuities as codified in this state provides that "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law gives effect to the limitation not too remote, declaring the others void, and thereby vests the fee in the last taker under legal limitations." Code Ann. § 85-707 (a). Appellants argue that the language in controversy should be construed so as to declare the intention of the parties as envisioning that the recipient class of "all living descendants" of Stephen Bullman Lufburrow was fixed, determined and limited as of the date of the conveyance so that there would be no possibility of remote vesting. However, the rule against perpetuities is a positive mandate of law and is not a mere rule of construction. *Thomas v. C. & S. Nat. Bank,* 224 Ga. 572, 575 (163 SE2d 823) (1968). We resolve the issue here presented by following the Supreme Court's decision in *Gearhart v. West Lumber Co.,* 212 Ga. 25 (90 SE2d 10) (1955). In *Gearhart* the deed contained language providing that in the event the land conveyed was no longer used for county school purposes "the grantor herein shall have the right to purchase the above property for $2,000." The Supreme Court held that "the clause in the present deed, which authorized the grantor to purchase the land at a stated price, without fixing any time limit during which the property should be so used or within which the option should be exercised, was void as violative of the rule against perpetuities." *Gearhart v. West Lumber Co.,* supra. Here, as in *Gearhart,* the deeds contained no language specifying a time limit so as to insure that the interest granted will vest, if at all, within lives in being and 21 years.

Moreover, we find it significant that the option to repurchase granted to the "living descendants of Stephen Bullman Lufburrow" provides that the amount of the first refusal offer is to be at the fair market value determined by the tax assessors for ad valorem tax purposes. The

language of the subject clause does not in any way limit the "living descendants" to those in esse at the time of the execution of the deed. Furthermore, nothing in the disputed clause or elsewhere in the deed supports a construction other than that the purchase price is to be the "fair market value as determined by the tax assessors" at such future point in time when the first refusal offer may be made. In view of the use of the term "lineal descendants" and the applicability of the condition subsequent to the grantee's "heirs and assigns," it is apparent that the recipient class is subject to open and that the vesting of the future interest sought to be created may occur at a time beyond the period of "legal limitations."

Our construction of the clause here in question is not at variance with the decision of this court in *Floyd v. Hoover,* 141 Ga. App. 588 (234 SE2d 89) (1977). *Floyd* recognizes that an option to purchase an interest in real estate must be limited so as to comply with the rule against perpetuities. In *Floyd* such compliance existed because this court found "no violation of the rule against perpetuities when the option *was limited in time to the life of the grantee and his wife, or at the death of the survivor of the grantees.*"(Emphasis supplied.) *Floyd v. Hoover,* supra, 592. However, in the case sub judice the language of the deed imposes no such time limitation. Since the language relied upon by appellants created a future interest void for remoteness, the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Deen, C. J., Smith, Shulman, Birdsong and Underwood, JJ., concur. Quillian, P. J., McMurray, P. J., and Banke, J., dissent.*

Submitted April 9, 1979 — Decided December 4, 1979.

*Owen H. Page,* for appellants.
*James O. Wilson, Jr.,* for appellee.

Banke, Judge, dissenting.

I respectfully dissent from the majority's determination that the clause in the deed granting to the

descendants of Stephen Bullman Lufburrow a right of first refusal to purchase the property is in violation of the rule against perpetuities. The rule against perpetuities is found in Code Ann. § 85-707. (Ga. L. 1953, pp. 42, 43). It forbids limitations on estates beyond the duration of any number of lives in being, plus 21 years and the usual period of gestation thereafter. There is no legal prohibition against selling land to another while reserving the right to repurchase within a specified time. *Barron v. Anderson,* 204 Ga. 7 (48 SE2d 846) (1948). However, a contingent estate based upon an event which may occur beyond the rule against perpetuities is void for remoteness. *Thomas v. C. & S. Nat. Bank,* 224 Ga. 572 (163 SE2d 823) (1968).

The controversy for resolution here is when the class containing "all living descendants" of the grantor is fixed. If it is the date of the conveyance, then the condition is valid. If it is the date of resale, then the condition is void.

"The cardinal rule of construction, both at common law and under our code, is that instruments containing conditions, limitations, and restrictions are to be construed in each case in such way as to carry into effect the intent of the parties as gathered from the instrument as a whole." *Wadley Lumber Co. v. Lott,* 130 Ga. 135, 137 (60 SE 836) (1907); *Floyd v. Hoover,* 141 Ga. App. 588 (234 SE2d 89) (1977). Thus, where an instrument is fairly open to two constructions, one of which offends against the rule against perpetuities and one of which does not, it is the court's duty to adopt the one which will not offend against the rule against perpetuities. See Simes and Smith, The Law of Future Interests, § 1288. "[W]herever possible an instrument will be so construed as to create an estate not too remote rather than one which violates the rule against perpetuities." Pindar, Georgia Real Estate Law 271, § 7-134.

"The period for computing the time of vesting begins at the effective date of the instrument. If it is a will, the effective date is that of the testator's death; if it is a deed, it is the time of delivery." Pindar, supra, § 7-141. See also *Boykin v. Bradley,* 192 Ga. 212 (14 SE2d 734) (1941); *Hollis v. Lawton,* 107 Ga. 102 (32 SE 846) (1899). Under these rules, the descendants referred to in the deeds in question

are those who were living at the time the deeds were executed. Thus, the limitation placed in the deeds does not fail for remoteness, and the intention of the parties at the time of the transaction must be given effect. The trial court erred in granting summary judgment.

I am authorized to state that Presiding Judge Quillian and Presiding Judge McMurray join in this dissent.