20224. SEWELL *et al. v.* AGGREGATE SUPPLY COMPANY.

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

*Russell O. Clay,* for plaintiffs in error.

*Robert A. Edwards, Murphy & Murphy,* contra.

WYATT, Presiding Justice. 1. In *Smith* v. *Aggregate Supply Co.,* 214 *Ga.* 20 (102 S. E. 2d 539), a case in which the relief sought was the same as that sought here and in which the lease-contract was substantially identical with that here attacked, this court held the contract was a lease and not an option, and therefore did not violate the rule against perpetuities; that the contract was not so vague and indefinite as to be incapable of enforcement and construction; and that the contract was not lacking in mutuality. In so far as the instant case attempts to raise these questions, it is controlled by the rulings made in *Smith* v. *Aggregate Supply Co.,* supra.

2. The lease in the instant case provides for payment by the lessee to the lessor of $727.50 minimum in the event that the royalties as provided in the contract do not amount to the above sum. It further provides for payment of an additional $500 per year in addition to the above minimum guarantee should the lessee desire to mine any minerals from land under cultivation, including buildings, to be paid on January 1, of each year.

It is further provided in the lease-contract as follows: "The

lease-contract shall continue in full force and effect for an undetermined period of years and may be terminated by the party of the First Part at his desire should it become unprofitable to operate said mining operation. The Party of the Second Part may terminate this lease-contract after the Party of the First Part has not paid the royalties or the guaranteed minimum and is in default at least ninety days, after Party of the First Part has commenced operation of mining of said minerals." It is alleged that no mining operations have been commenced, and that a continuing tender of the first minimum payment of $727.50 has been made within ninety days of the expiration of the first year. It appears that the tender referred to was made about 75 days after the expiration of the first year under the lease-contract. The plaintiff in error contends that the ninety-day provision does not apply to this minimum payment and that, the payment being in default, she has a right to terminate the lease contract.

We do not agree with this contention. The language with reference to the rights of the parties to terminate this contract is clear and unambiguous. It means simply what it says, that the lessor may terminate only after payments due are not made within ninety days after due, including the minimum payment, and then only after mining operations have commenced. In the instant case, it is alleged that tender was made and refused before the payment was in default at least ninety days, and that no mining operations have been commenced.

3. It is further contended that the tender was not sufficient because it did not include the $500 per year payment due if the lessee desired to mine land under cultivation. There is no merit in this contention. The $500 payment is due only on January 1 of each year, and then only if the lessee desires to mine land under cultivation. This tender was made on October 23, 1957. January 1, 1957, had long since passed and it had already been determined that the lessee did not desire in 1957 to mine any land under cultivation, since no payment of $500 had been made. No payment of $500 could then be due until January 1, 1958, and then only if the lessee determined that it desired in 1958 to mine land under cultivation. It follows that, since no mining had been done and no royalties could be due, the mini-

mum payment of $727.50 was all that was due under the contract. It follows, there is no merit in this contention.

4. There is no merit in the contention that the various descriptions included in the lease-contract are insufficient, and that the lease contract is void for this reason. Each description of each tract of land included in the lease-contract is sufficient to furnish a key by which the land can be definitely located. This is all that is required.

5. It is next contended that the defendant in error is not entitled to equity because it has not complied with all of its obligations under the contract. There is no merit in this contention. The lease contract does not obligate the lessee to do any mining; and since it has done none, the only obligation it has is to make the minimum payment in accordance with the terms of the contract. This payment has been tendered and refused by the plaintiff in error, and it is alleged that the tender is continuing. This is all the defendant in error is obligated to do under the contract.

6. Since the instant case is not one seeking specific performance of a contract, the rules of law pertaining to the allegations required in such a suit, and the cases involving specific performance of contracts cited and relied upon by the plaintiff in error concerning the fairness of the contract, are not applicable. Nor are we permitted to speculate as to what might have been in the minds of the parties at the time they executed this lease-contract. It will be presumed that they did what they intended to do unless and until the contrary is made to appear.

7. Ground 24 of the special demurrers attacks the sufficiency of paragraph 17 of the petition, in which it is alleged that Dora Belle Sewell and Douglas W. Chandler are insolvent. It is insisted that this allegation should have been stricken because it is a mere conclusion and is contradictory in that elsewhere in the petition it is alleged that Mrs. Sewell sold certain land to Mr. Chandler, and that one who owns an interest in land is not legally insolvent. There is no merit in this contention. An allegation that one is insolvent is an allegation of an ultimate fact and has a definite meaning in the law. *Schneider* v. *Smith*, 189 *Ga.* 704, 705 (7 S. E. 2d 76).

8. There is no merit in ground 18 of the special demurrers, since the parties referred to therein were not served, and this paragraph can not be considered in the trial of this case.

9. There is no merit in the special demurrer to paragraph 22 of the petition. The paragraph alleges sufficiently the irreparable character of the injury caused by the defendant's alleged trespass and removal of sand and gravel from the land upon which the plaintiff has leased mineral rights. The cases cited and relied upon by the plaintiff in error differ materially from those in the instant case, and for that reason are not controlling.

10. The other grounds of the special demurrers, not having been argued in this court, will be considered as abandoned.

*Judgment affirmed. All the Justices concur.*