## 25230. WOLFE v. DEATON et al.

NICHOLS, Justice. Russell H. Wolfe filed the present action seeking specific performance of an option granted him to purchase two tracts of real estate. The trial court sustained a motion to dismiss for failure to state a claim and it is from this judgment that the plaintiff appeals. The original option was to run 180 days from the date it was granted. It was during the period of time covered by the period of extension that the plaintiff sought unsuccessfully to exercise the option. The extension signed by the defendants reads as follows: "We hereby agree to extend the option to purchase agreement, dated April 25th, 1967, on Tract #1 being known as the Johnson farm, from the closing date of October 25, 1967, to November 6, 1967, to Russell H. Wolfe, his heirs, successors or

assigns. The remaining contents of the option agreement dated April 25, 1967, shall remain the same." *Held:*

No consideration is shown for such extension and, in fact, the alleged extension, by stating that the remaining terms of the original option "shall remain the same," except for the time, shows affirmatively that no consideration was paid for the extension. An extension of an option contract, whether made before or after the original option expires, is in reality a new option and must, to be enforceable as against the optionor, be supported by valuable consideration. See *Jones v. Smith*, 206 Ga. 162 (56 SE2d 462); *Gulf Oil Corp. v. Willcoxon*, 211 Ga. 462 (86 SE2d 507). Such a contract coming within the Statute of Frauds must be in writing to be enforceable. See *Gulf Oil Corp. v. Willcoxon*, supra, and citations. "To be sufficient as a memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing or writings relied upon to take the transaction out of the statute. The memorandum must disclose the subject matter of the contract, the parties thereto, the promise or undertaking, and the terms and conditions." *F. & W. Grand &c. Stores v. Eiseman*, 160 Ga. 321, 325 (127 SE 872).

The option contract sought to be enforced showing on its face no consideration to the grantors of such option could not be enforced by a suit for specific performance and the judgment of the trial court sustaining the defendant's motion to dismiss for failure to state a claim was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1969—DECIDED JULY 10, 1969.

*G. Hughel Harrison,* for appellant.

*Stark & Stark, Homer M. Stark, Sam G. Dettelbach,* for appellees.