### 35450. THOMAS v. MURROW et al.

BOWLES, Justice.

On February 21, 1959, J. A. Thomas, father of appellant C. H. Thomas, conveyed by warranty deed to the appellees, Charles H. Murrow and Joe D. Murrow, a 1.66 acre lot upon which stood a cotton gin. On the same date the Murrows and J. A. Thomas executed a contract which granted J. A. Thomas an option to repurchase the land should the operation of the cotton gin ever cease. After describing the land which the Murrows had just purchased, the option contract stated in pertinent part:

"That said purchase includes other property, but it is distinctly agreed and understood that the consideration recited in the warranty deed this day made by said Thomas to the undersigned, includes the option of said J. A. Thomas to repurchase the above described land from the undersigned or their heirs or assigns, at any time within a five year period after the undersigned or their heirs or assigns cease to operate a gin on said lot, and that said J. A. Thomas, his heirs or assigns, shall pay the sum of ONE DOLLAR consideration for said described land, at the time this option is exercised."

In 1975, J. A. Thomas died and the appellant, C. H. Thomas, became the owner of the option which he attempted to exercise in 1977. After the Murrows denied having ceased operation of the cotton gin, Thomas brought suit for specific performance. During the course of the pretrial proceedings the Murrows raised the issue of the rule against perpetuities and so Thomas amended his complaint to seek alternatively rescission, reformation, damages, and/or construction of the warranty deed and the option as the grant of a defeasible or conditional fee.

The Murrows counterclaimed seeking to have fee simple title declared to be in them and the option cancelled as a cloud on their title.

The case was tried before a jury on the issue of whether or not the Murrows had ceased operating the cotton gin. At the close of the evidence, the trial court directed a verdict in favor of the Murrows finding that the option violated the rule against perpetuities. Thomas appeals the granting of the directed verdict.

1. The repurchase agreement entered into between the parties was an option in its legal sense. The instrument referred to itself as an option and it contained common place phrases depicting such a document. As Thomas states in his brief: "An option gives the Grantee the right to purchase land at a stated price within a definite time limit." This is what Thomas had. The property did not automatically revert to him when the cotton gin ceased operations. He had to pay $1 within five years to regain title to the land. The fact that the amount to be paid was $1 does not change the legal effect of the option. One dollar is not the only sum involved. The original purchase price was $27,000 and the option agreement specifically stated that the sum included the value of the option. The warranty deed conveyed fee simple title and the option agreement gave an option to repurchase. Construed together the same result obtains.

2. Thomas next contends that if the agreement is, in fact, an option, then the trial court should have granted reformation to reflect the intention of the parties. No evidence was submitted at trial which indicated that the agreement did not reflect the intention of the parties. The question is whether or not the manner in which the parties reflected that intention violates the rule against perpetuities.

3. The option in this case does violate the rule against perpetuities which is codified in Code Ann. § 85-707 because the cotton gin conceivably may not cease operations until after the 21 year period. "The owner of realty may legally sell it to another at an agreed price, and at the same time reserve the right to repurchase the land within a specified time. [Cit.] However, the clause in the present deed, which authorized the grantor to purchase

the land at a stated price, without fixing any time limit during which the property should be so used or within which the option should be exercised, was void as violative of the rule against perpetuities. [Cits.]" *Gearhart v. West Lumber Co.,* 212 Ga. 25 (90 SE2d 10) (1955). See also *Brown v. Mathis,* 201 Ga. 740 (41 SE2d 137) (1947).

4. The rule against perpetuities is an expression of public policy as determined by our legislature. The Murrows are not estopped from invoking its provisions. See 61 AmJur2d 15, Perpetuities, etc., § 10.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 9, 1979 — DECIDED JANUARY 8, 1980.

*Dawson & Huff, Wendell T. Dawson,* for appellant.
*Hudson & Montgomery, Jim Hudson, David R. Montgomery,* for appellees.