### 36873. ROSE et al. v. CHANDLER et al.

CLARKE, Justice.

Plaintiffs (lessees and appellants here) seek specific performance of an option to purchase land contained within a lease. The lease agreement provided that plaintiffs should have the option to purchase the land for $18,000 at any time during the lease. The lease agreement provided that the lease would remain in effect as long as the lessee paid to the lessor $727.50 per year. It was specifically provided that the lease would be binding upon the heirs and assigns and legal representatives of the parties. The agreement in question was the subject of litigation ultimately decided in the case of *Sewell v. Aggregate Supply Co.,* 214 Ga. 543 (106 SE2d 16) (1958). In *Sewell,* the court found that the contract was a lease and not an option and therefore did not violate the rule against perpetuities.

The trial court here granted defendants (lessors and appellees here) summary judgment and denied plaintiffs' motion for summary judgment on the basis that the action for specific performance was barred by the doctrine of res judicata and collateral estoppel inasmuch as the parties or their privies had litigated the lease instrument in *Sewell,* supra. The trial court further found that an option to purchase land which is the subject of a leasehold of infinite duration was prohibited by Code Ann. § 85-707. Finally, the trial court found the plaintiffs' cause barred by laches.

1. In Georgia a perpetual lease or a perpetual right to renew a lease does not violate the rule against perpetuities. *Williams v. J. M. High Co.,* 200 Ga. 230 (36 SE2d 667) (1946). See also, *St. Regis Paper Co. v. Brown,* 247 Ga. 361 (276 SE2d 24) (1981); *Smith v. Aggregate Supply Co.,* 214 Ga. 20 (102 SE2d 539) (1958). It is equally well established that a perpetual option to purchase land is a direct violation of the rule against perpetuities and is void ab initio. *Brown v. Mathis,* 201 Ga. 740 (41 SE2d 137) (1947); *Turner v. Peacock,* 153 Ga. 870 (113 SE 585) (1922). The question here is whether an option within a lease renewable in perpetuity violates' the rule against perpetuities. We have recently addressed an almost identical question in *St. Regis Paper Co. v. Brown,* supra. In *St. Regis Paper Co. v. Brown,* the options in question were contained within sixty year leases. One of the options was exercisable during a forty-eight

year period, and the other option was exercisable within a forty-nine year period. We found that these options did not violate the rule against perpetuities. The options here are contained within a lease renewable in perpetuity and exercisable during the period of the lease. As noted above, a perpetual lease does not violate the rule against perpetuities. We hold that this case is controlled by *St. Regis* and that the option here does not violate the rule against perpetuities.

Counsel for both parties in this case have cited *McKown v. Heery,* 200 Ga. 819 (38 SE2d 425) (1946), as support for their positions. We are unable to reach the conclusion that *McKown* is in direct support of the contentions of either of the parties. In *McKown,* supra, this court affirmed the trial court's grant of a general demurrer to an optionee's petition for specific performance. The reason for the affirmance was that there was not an adequate allegation as to tender of the purchase price. In treating the issue of whether the option which was contained in a lease violated the rule against perpetuities the court held, "In the absence of a specified date for exercising the right of purchase, the option will be construed as operative for the term of the lease or renewal thereof, and such option would not be void as containing no time limit within which the right to purchase might be exercised. A lease agreement for a specified term of two years, containing in addition provisions for the purchase of the property, which lease and option agreement were renewed, it is contended, by action of the parties thereto for a like term of two years, would not be violative of the rule against perpetuities." *McKown,* supra at 820. The court then distinguished *Turner v. Peacock,* 153 Ga. 870, supra, on its facts as a case in which a deed was given in which there was included an option to purchase an additional fifty acres not conveyed by the deed and with no time limit. We agree that there is a clear distinction. In *McKown,* supra, and in the case under consideration here, the option is to purchase the land being leased. It is therefore an option appendant. In *Turner,* supra, the option is to purchase additional land beyond that conveyed in the deed. This option is an option in gross. For this reason, although not directly supporting appellant's position, *McKown* is totally consistent with our holding in the case here under consideration and with our decision in *St. Regis Paper Co. v. Brown,* supra.

2. The trial court found that the defendants were entitled to summary judgment because the action was barred by the doctrines of res judicata and collateral estoppel. The finding is based on the fact that the validity of the lease was litigated in *Sewell v. Aggregate Supply Co.,* supra. We find that neither the doctrine of res judicata nor of collateral estoppel is applicable here since the validity of an

option within a lease was not litigated in *Sewell,* supra. The *Sewell* court found that the lease did not violate the rule against perpetuities. The court reasoned that if the instrument in question had been an option rather than a lease, the holding would have been otherwise. This holding does not settle the question here, whether the option within the lease violates the rule against perpetuities.

3. The trial court also granted defendant's summary judgment on the ground that plaintiffs' cause was barred by laches. Plaintiffs insist that application of the doctrine of laches is inappropriate here inasmuch as defendants have failed to show any prejudice. Defendants contend that plaintiffs ignore various conveyances of the subject land and valuable improvements erected thereon by defendants. Inasmuch as there was no attempt to exercise the option clause for the lease agreement until July 11, 1977, and since there was no breach of any duty of defendants to honor this option until sometime after July 11, 1977, we find there was no cause of action against defendants until that time. Consequently, plaintiffs' suit filed March 15, 1978, cannot be said to be barred by the doctrine of laches. See generally, *Bird v. Trapnell,* 147 Ga. 50 (92 SE 872) (1917); *Louisville & N. R. Co. v. Nelson,* 145 Ga. 594 (89 SE 693) (1916). Since there was no unreasonable delay in filing suit, the question of any prejudice to defendants by delay is irrelevant.

We hold that the trial court erred both in denying plaintiffs' motion for summary judgment and in granting defendants' motion for summary judgment. Accordingly, both orders of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED APRIL 7, 1981.

Murphy, Witcher & Murphy, Thomas B. Murphy, John W. Kilgo, for appellants.

Howe & Sutton, Richard C. Sutton, Timothy A. McCreary, for appellees.

SMITH, Justice, dissenting.

In my view, the trial court correctly determined that, under Georgia law, an option to purchase realty is subject to the rule against perpetuities regardless of whether the option happens to be contained in a lease. See my dissenting opinion in *St. Regis Paper Co. v. Brown,* 247 Ga. 361 (276 SE2d 24) (1981). As the option in this case did not have to be exercised within the time limitations of the rule, it

is void. "The rule against perpetuities is an expression of public policy as determined by our legislature." *Thomas v. Murrow,* 245 Ga. 38, 40 (262 SE2d 802) (1980).