63935. SEAL v. FIRST BANK & TRUST COMPANY.

Pope, Judge.

Breach of contract. In 1978 Curtiss R. Seal entered into a contract with First Bank & Trust Co. (hereinafter "Bank") wherein he agreed to purchase one described lot of land. This same contract contained an option to purchase seven additional lots; the option was for a period of one year ending on February 28, 1979. On February 24, 1979 Seal delivered a letter to the Bank declaring his intention to exercise the option. On June 21, 1979 Seal and the Bank closed on five of the seven lots. As to the other two lots, the parties executed a document entitled "Option to Purchase Real Estate." This agreement provided that Seal "shall have the exclusive right to purchase the . . . described lots within 4 months from the date of City of Marietta subdivision acceptance of said lots. . . ." On April 22, 1981 the Bank sold the subject two lots to Joseph C. Thompson and tendered back to Seal the money he had paid for the option. The lots had been accepted by the City of Marietta shortly before their sale to Thompson.

Seal rejected the return tender of the money he had paid for the option and filed this action seeking $30,000.00 in damages. The Bank responded and moved for judgment on the pleadings. Following argument on the motion and the submission of affidavits and a deposition, the trial court granted summary judgment in favor of the Bank, holding that the "Option to Purchase Real Estate" violated the Rule Against Perpetuities and was therefore unenforceable.

1. In Georgia the Rule Against Perpetuities is statutory and provides: "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity and forbids its creation." Code Ann. § 85-707. "When no life in being forms any part of the period of suspension or postponement of the time when

the estate or interest is to become vested, the limit of time under the rule . . . is twenty-one years." *Murphy v. Johnston,* 190 Ga. 23, 26 (8 SE2d 23) (1940). "An option to purchase realty or an interest therein which is unlimited as to the time within which the option may be exercised constitutes a perpetuity and is prohibited under the statute." *Smith v. Aggregate Supply Co.,* 214 Ga. 20, 22 (102 SE2d 539) (1958); *Floyd v. Hoover,* 141 Ga. App. 588 (2) (234 SE2d 89) (1977). Whether the subject option agreement violates the Rule Against Perpetuities is to be determined at the time the interest was created ". . . because the crucial determination is not whether the rule is in fact violated but rather whether the rule may be violated." *Rogers v. Rooth,* 237 Ga. 713, 714 (229 SE2d 445) (1976). The option in this case does violate the rule because the City of Marietta could conceivably not have accepted the subdivision of the subject lots until after the 21 year period. Accord, *Thomas v. Murrow,* 245 Ga. 38 (3) (262 SE2d 802) (1980); *Gearhart v. West Lumber Co.,* 212 Ga. 25 (2) (90 SE2d 10) (1955); *Turner v. Peacock,* 153 Ga. 870 (1) (113 SE 585) (1922). See also *Rose v. Chandler,* 247 Ga. 382 (1) (279 SE2d 423) (1981); *St. Regis Paper Co. v. Brown,* 247 Ga. 361 (276 SE2d 24) (1981).

2. Seal also contends that the "Option to Purchase Real Estate" was not an option but rather was an extension of time for the closing of the sale of the two lots. In support of this contention Seal submitted affidavits and deposition testimony to the effect that the subject agreement was merely one part of a continuous transaction which began with the 1978 sales contract and option. "An extension of an option contract, whether made before or after the original option expires, is in reality a new option. . . ." *Wolfe v. Deaton,* 225 Ga. 412, 413 (169 SE2d 311) (1969). Thus, even if the subject agreement was merely an extension of the prior option with regard to these two lots, it was nonetheless an option and subject to the Rule Against Perpetuities. Further, the trial court correctly concluded that this agreement, although unenforceable, was not ambiguous. The language of the agreement clearly sets forth an option contract and accordingly must be construed to mean what it says. See *Fox v. Southern Glassine Co.,* 130 Ga. App. 124 (202 SE2d 563) (1973); see also *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (1) (86 SE2d 507) (1955). Seal's attempt to contradict the plain meaning of this agreement by parol must fail. Accord, *R. S. Helms, Inc. v. GST Development Co.,* 135 Ga. App. 845 (219 SE2d 458) (1975).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided September 27, 1982.

*Harris Bullock,* for appellant.
*Joseph C. Parker,* for appellee.