### 42097. READ v. GHDC, INC. et al.
(334 SE2d 165)

CLARKE, Justice.

This case involves the enforceability of a real estate sales contract and raises the questions of contract construction and applicability of the rule against perpetuities. The trial court noted the contract as amended contains no time limitation for its performance and held that it violates the rule against perpetuities. We construe the contract as one which must be performed within a reasonable time and therefore does not violate the rule even if the rule should apply to commercial contracts for the sale of real estate.

The contract between GHDC, Inc., as seller, and Read, as purchaser, originally called for closing no later than July 1983. An addendum to the contract postponed the closing and provided it would occur within ten days after final approval of the subdivision plat by the Athens/Clarke County Planning Commission. When the plat was approved on November 9, 1983, the seller refused to close, arguing that the contract expired July 12. Read sued for specific performance. Reasoning that the absence of a specific date for closing leaves the contract open for more than twenty-one years, the trial court granted summary judgment to the seller.

The contentions of the buyer are two. He contends that the rule against perpetuities does not apply to a contract for the sale and purchase of real property because the rule has no relevancy in a modern commercial setting. Second, he argues that even if the rule should apply, it does not invalidate the contract under review because the court should construe this contract as one which must be performed within a reasonable period of time.

Although the first argument of the buyer is appealing, we find it necessary to construe the contract before considering the effect of the rule against perpetuities upon it. It is immediately apparent that the contract is missing a term, time for performance. Under such circumstances, a reasonable time for performance will be implied. *Whitley v. Patrick,* 226 Ga. 87 (172 SE2d 692) (1970); *Brown v. McInvale,* 118 Ga. App. 375 (163 SE2d 854) (1968); Restatement 2d of Contracts, § 204 (1979).

Having construed the contract as requiring performance within a reasonable time, we take an additional step and find that twenty-one years would be unreasonable and that the contract therefore does not create a perpetuity. *Kirkland v. Odum,* 156 Ga. 131 (118 SE 706)

(1923). It may be argued that our holding in this case is in conflict with *Thomas v. Murrow,* 245 Ga. 38 (262 SE2d 802) (1980), and *Seal v. First Bank &c. Co.,* 163 Ga. App. 620 (295 SE2d 367) (1982). We do not find this to be so because each of those cases dealt with options which may or may not be exercised depending first on the occurrence of a contingency and second on the will of the optionee. Here, we deal with a contract for purchase and sale. Both parties are bound and would be relieved from their contractual duties only upon the nonoccurrence of a contingency. The failure to include a time limit for such a nonoccurrence can only be viewed as being a missing term, time for performance.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 1985.

*David W. Griffeth, Mark H. Johnson,* for appellant.
*Terrell W. Benton, Jr., Andrew H. Marshall,* for appellees.