## 42605. YOUNG v. CASS.
(340 SE2d 185)

PER CURIAM.
Cass sued Young in an action to quiet title to a parcel of land located in Carroll County. Young counterclaimed for specific performance of an option to purchase the parcel of land. The claim and counterclaim turned upon the validity of the option. Both parties filed motions for summary judgment. The trial court held the option violated the rule against perpetuities and was void. The court granted summary judgment to Cass and denied Young's motion. We reverse and

---

remand.

We must decide if the following provision contained in an option to purchase land violates the rule against perpetuities: "This Option shall extend for a period of 90 days beyond the death of the survivor of the two life tenants (Opal Brumbelow and L. C. Brumbelow, the mother-in-law and father-in-law of Cass), except that, if Grantor shall fail to notify Grantee of the death of said survivor of said life tenants, then said period shall extend 90 days beyond such time as Grantee is notified."

Cass and Young entered into an agreement on March 21, 1967, regarding two adjoining parcels of land. Cass agreed to sell the first parcel to Young presently. Cass also agreed to offer the second parcel for sale to Young for $9,000 "in the event of the consummation of this contract." The sale of the first parcel was consummated. In connection with the closing, on June 17, 1967, Cass executed an option to sell the second parcel to Young.[1] It is this option which contained the language quoted above and which became the subject of this litigation.

The last of the Brumbelows to die was Opal, and she died May 29, 1983. Cass did not notify Young of this event, but Young learned the land was being offered for sale in October 1983, whereupon he notified Cass of his readiness to perform the option. This litigation followed with the filing of the complaint by Cass on June 14, 1984.

1. The rule against perpetuities in Georgia is stated in OCGA § 44-6-1 (a): "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. The law terms a limitation beyond that period a perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law will give effect to the limitations which are not too remote and will declare the other limitations void, thereby vesting the fee in the last taker under the legal limitations." The first time period expressed in the option, "this option shall extend for a period of 90 days beyond the death of the survivor of the two life tenants. . . ." is within the time allowed by the rule. There are two measuring lives, both in being at the time of the execution and delivery of the option. Added to this is a period of 90 days, well within the 21 years plus the usual period of gestation of the rule. The option continues however and adds an exception, ". . . except that, if Grantor shall fail to notify Grantee of the death of said survivor of said life tenants. . . ." This language recognizes the possibility that grantor may fail to notify grantee, and

---

[1] The option was originally made to The Place, Inc., a corporation which thereafter assigned its rights to Young.

goes on in the following words to make provision for that possible event: ". . . then said period shall extend 90 days beyond such time as Grantee is notified." As we interpret this language it requires notice, but fails to fix a time for performance in giving notice. Under the circumstances a reasonable time is to be implied which in no case may exceed 21 years from the death of the last survivor. *Read v. GHDC, Inc.*, 254 Ga. 706 (334 SE2d 165) (1985). Thus the rule is not violated.

2. Cass contends that even if the rule against perpetuities does not render the option void, Young did in fact receive notice of the death of the survivor of the two tenants, yet failed to act within 90 days. Cass also contends that no proper tender of the purchase price was made by Young. The court below did not resolve these two issues. We must remand to the trial court for a determination of these issues which may involve disputed facts.

*Judgment reversed and remanded. All the Justices concur, except Clarke, Gregory and Bell, JJ., who concur specially.*

GREGORY, Justice, concurring specially.

I concur in the judgment but write to explain a different rationale which I would apply to this case. In my view the Per Curiam opinion judicially furnishes a savings clause which is lacking from the option itself. The parties did not overlook the matter of fixing a time for the performance of the option, they simply provided an indefinite time (90 days after Grantee is notified) which violates the rule against perpetuities because the notice might be received at a remote time and thus vesting occur beyond the period of the rule. The parties could have provided a savings clause with a maximum time for the receiving of notice to be within 21 years, but they did not. The Per Curiam opinion does it for them.

This court has in the past applied the rule against perpetuities to options in gross for the purchase of real estate. *Turner v. Peacock*, 153 Ga. 870 (113 SE 585) (1922); *Brown v. Mathis*, 201 Ga. 740, 745 (41 SE2d 137) (1947); *Gearhart v. West Lumber Co.*, 212 Ga. 25 (90 SE2d 10) (1955); *Smith v. Aggregate Supply Co.*, 214 Ga. 20, 22 (102 SE2d 539) (1958); *Thomas v. Murrow*, 245 Ga. 38 (262 SE2d 802) (1980). Recently we declined to apply the rule to leasehold options. *St. Regis Paper Co. v. Brown*, 247 Ga. 361 (276 SE2d 24) (1981). There we observed the questionable applicability of the rule to the commercial setting since it originated as a control of family land transfers limiting the right of certain generations in the family to alienate the land. The relevance of lives in being, 21 years, and the usual period of gestation to commercial transactions does not appear to me as it has failed to appear to the commentators. Chaffin, The Rule Against Perpetuities in Georgia, § 6.4, p. 119. I would consider

the development of a doctrine to limit the duration of options compatible with the commercial settings in which they arise or alternatively await legislative action. 6 American Law of Property, § 24.56 (A. J. Casner ed. 1952). I would not apply the rule against perpetuities.

This court invited the fiduciary section of the State Bar of Georgia to brief the question whether we should adopt the "wait-and-see" approach to the application of the rule against perpetuities discussed in Restatement of Property II, Donative Transfers, § 1.4 Comment A, p. 48. While the efforts and affirmative recommendation of the fiduciary section are appreciated, in my opinion we should wait for a case not involving a commercial option to carefully consider the considerable implications of the "wait-and-see" rule.

I am authorized to state that Justice Clarke and Justice Bell join in this special concurrence.

DECIDED MARCH 11, 1986.

*John M. McCarter,* for appellant.
*Perkins & Perkins, Clifford C. Perkins, Jr.,* for appellee.