A05A1835. LOTUS PROPERTY DEVELOPMENT, LLC v. GREER et al.
(630 SE2d 112)

ELLINGTON, Judge.

Lotus Property Development, LLC, appeals from the trial court's grant of summary judgment to property owners Robert Greer, William Greer, and the Greer Family Limited Partnership (collectively, "the Greers") in this breach of contract case. Finding no error, we affirm.

"To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law." (Citations omitted.) *WirelessMD v. Healthcare.com Corp.*, 271 Ga. App. 461, 462 (610 SE2d 352) (2005). Our review of the grant or denial of summary judgment is de novo. Id.

So viewed, the evidence showed that, in October 2002, residential property developer Lotus Property entered into a contract with the Greers to purchase 148 acres in Henry County. In addition to the essential terms of a real property sales contract, the contract contained a section entitled "Other Terms," which included the following statement: "Property shall be granted a zoning of PD (from RA)[1] by the Henry County Board of Commissioners." Further, the contract was contingent upon Lotus obtaining sufficient financing and securing sewage easements to run sewage pipes to the property. The closing date under the contract was to be on or before January 10, 2003.

In November 2002, the Greers sent a request to the Henry County Planning Commission asking it to rezone the property, and the Greers authorized an officer of Lotus to represent them at the commission's hearing. By early January 2003, however, the county had not approved the rezoning request. Further, Lotus had not yet secured financing for the project, obtained the sewage easements, or applied for any building permits. On January 9, 2003, the day before the sales contract expired, the parties signed an extension of the contract allowing Lotus to close on the property "on or before 30 days after rezoning has been approved" by the county (hereinafter, the "extension agreement"). It is undisputed that Lotus did not pay any additional compensation to the Greers in exchange for the execution of the extension agreement. It is also undisputed that Lotus was not ready and willing to close on the property on or before January 10, 2003, because the property had not been rezoned.[2]

On August 29, 2003, the Greers notified Lotus that the sales contract was "defective." At that point, eight months after the original contract had expired, the county had not rezoned the property, Lotus was still unwilling to purchase the property without the rezoning, and Lotus had not obtained financing or the sewage easements. Lotus responded to the Greers by letter, stating that it intended to close on the property as soon as the county approved the rezoning request. On October 17, 2003, the Greers notified the county that they were withdrawing their application for rezoning of the property.

Lotus sued the Greers for breach of contract, asking for specific performance or, in the alternative, monetary damages. The complaint also included a claim for promissory estoppel. The Greers filed a counterclaim for declaratory judgment, as well as a claim for fraud.

---

[1] "PD" refers to "Planned Development" and "RA" refers to "Residential Agriculture."

[2] In fact, as recently as March 23, 2004, Lotus admitted that it was still unwilling to purchase the property unless the property was rezoned, because the property was not worth the contract price without the rezoning.

Both parties filed motions for summary judgment. The trial court granted summary judgment to the Greers on Lotus' breach of contract claim, finding as a matter of law that the original contract had expired on its own terms and that the contract extension was not supported by consideration and was, therefore, invalid. The court also implicitly granted summary judgment to the Greers on Lotus' promissory estoppel claim.

1. Lotus contends the trial court erred in finding that the original contract had expired. It argues that the contract did not contain a "time is of the essence" clause and, therefore, it was entitled to a reasonable time to close the sale, relying on *Read v. GHDC*, 254 Ga. 706 (334 SE2d 165) (1985). The contract at issue in *Read*, however, was missing a necessary term, a specific closing date. Id. Under the circumstances, the Court construed the contract as implying a reasonable time for the parties to close the sale. Id. In contrast, the plain language of the original contract in this case specified a date by which the parties had to close the contract, January 10, 2003, or it would expire. Further, it is uncontested that the closing did not occur by that date. Therefore, the trial court did not err in finding that, in the absence of a valid extension, the original contract had expired by its own terms.

2. Lotus also claims that the Greers waived the contract's requirement that the closing be held on or before January 10, 2003, by agreeing to postpone the closing date. Lotus relies on *Bolton v. Barber*, 233 Ga. 646 (212 SE2d 766) (1975), in which a seller agreed to postpone a closing date so the purchaser would have more time to obtain a loan. When the purchaser finally obtained the loan, however, the seller refused to sell, claiming the closing date had passed. Id. at 647 (2). The Court held that, because the purchaser relied on the seller's agreement postponing the closing date and obtained the financing, the seller could not avoid the contract by claiming that the closing date had already passed. Id. at 648 (2). In this case, however, the condition which prevented Lotus from closing on the property under the original contract was the rezoning provision, and it is undisputed that this condition has never been fulfilled. Unlike the sellers in *Bolton*, the Greers did not wait until the rezoning had been approved before contending that the closing date had passed and the contract had expired. *Bolton* is, therefore, distinguishable on its facts.

3. Lotus contends the trial court erred in finding that the extension was not supported by consideration, arguing that it provided the consideration when it continued the pursuit of the rezoning of the property after January 9, 2003. This contention lacks merit.

Under the extension agreement in this case, the Greers allowed Lotus additional time to close on the property under the terms of the original contract. In order for the agreement to be valid, however,

Lotus was required to give the Greers something in exchange for the additional time, in other words, consideration that was in addition to and separate from the consideration given for the original contract. See *Wolfe v. Deaton*, 225 Ga. 412, 413 (169 SE2d 311) (1969) (an extension of the time to close on an existing contract is, in reality, a new contract that must be supported by separate, valuable consideration). Otherwise, the agreement fails for lack of mutuality. Lotus could not meet this new obligation by simply agreeing to do what it was already required to do under the original contract. Id.

It is undisputed that, when the Greers signed the extension agreement on January 9, 2003, Lotus did not pay the Greers any money in exchange for the Greers' grant of extra time to close on the property. Further, at that point, the rezoning application was already pending with the county. Pretermitting whether efforts by Lotus to "pursue" rezoning, such as making phone calls or writing letters to the county or attending zoning meetings, could have provided the necessary consideration for the extension agreement in this case, Lotus has presented no evidence that it made any such efforts *after* the Greers signed the extension agreement. Accordingly, Lotus has failed to demonstrate that the extension agreement was supported by any new and separate consideration, and the trial court did not err in finding that the agreement was void for lack of consideration.

4. Lotus argues that the Greers should be estopped from challenging the validity of the extension agreement because they "accept[ed] the benefit" of the agreement and because they knew at the time they signed the agreement that they had received no consideration for it. Lotus relies upon *McGlaun v. Southwest Ga. Production Credit Assn.*, 256 Ga. 648 (352 SE2d 558) (1987), in which borrowers knowingly signed a blank deed to secure debt before receiving over $250,000 in loan proceeds. When the lender attempted to foreclose under the deed, the borrowers claimed that the deed was invalid because it had been blank when they signed it. Id. at 649 (1). The Court held that the borrowers were aware at the time they signed the deed that it was blank and could not later challenge the validity of the deed on that basis when they had already accepted the benefits of the secured loan. Id. In contrast, the Greers received nothing from Lotus when they executed the extension agreement in this case. See Division 3, supra. The justification behind the *McGlaun* ruling, therefore, is inapplicable under the circumstances presented here.

5. Lotus contends that, even if there was no consideration for the extension agreement, a jury issue exists as to whether its "pursuit of rezoning of the [Greers'] property after the execution and delivery of the Extension Agreement fulfilled the requirements of promissory estoppel." In order to enforce an agreement under promissory estoppel, a party must demonstrate that the opposing party made a

promise to them that could reasonably be expected to induce the promisee's action or forbearance and that the promisee relied upon the promise to its detriment by its actions or forbearance. OCGA § 13-3-44 (a). As shown in Division 3, supra, Lotus failed to present any evidence of any efforts it took to get the property rezoned *after* the Greers signed the extension. Nor has Lotus presented evidence of any forbearance on its part which resulted from its reliance upon the extension. Therefore, absent any evidence of detrimental reliance by Lotus after the execution of the extension agreement, the court properly granted summary judgment to the Greers on Lotus' promissory estoppel claim.

6. Lotus also claims that this case must be reversed because the trial court allegedly failed to consider the depositions in the record before ruling on the motions for summary judgment. Although Lotus relies upon *Taylor v. Schander*, 207 Ga. App. 627 (428 SE2d 806) (1993), Lotus has misconstrued our holding in that case. In *Taylor*, we ruled that there is no reversible error when the trial court has failed to look at all of the evidence before ruling on a motion for summary judgment if, after reviewing the additional evidence de novo on appeal, this Court finds that it does not create a material issue for the jury. Id. at 628 (2). Here, Lotus has failed to cite to a single piece of evidence in the depositions that creates a jury issue in this case. Further, we have read the depositions and have found no such evidence. Accordingly, this alleged error does not present a basis upon which to reverse the trial court's judgment. Id.

*Judgment affirmed. Smith, P. J., concurs. Adams, J., concurs in the judgment only.*

DECIDED MARCH 30, 2006 —
RECONSIDERATION DENIED APRIL 13, 2006 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellant.

*Weinstock & Scavo, Louis R. Cohan, Brett A. Mendell*, for appellees.