[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 11, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-12690
Non-Argument Calendar

_____

D. C. Docket No. 06-00006-CV-HL-5

VICKY THOMAS,

                                                      Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 11, 2010)

Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

The named appellant, Vicky Thomas, is a social security benefits claimant. She is represented by attorney Michel Phillips, who is the real party in interest for purposes of this appeal.[1] Phillips challenges the district court's denial of his application for attorney's fees under the Social Security Act, 42 U.S.C. §§ 406(b)(1)(A) and 1383(d)(2)(A).

## I.

Thomas applied for benefits under the Social Security Act, 42 U.S.C. § 423, and her claim was denied. She requested and received a hearing before an administrative law judge, who also denied her claim for benefits. She appealed, and the Appeals Council of the Social Security Administration affirmed the ALJ's decision. Attorney Phillips did not represent Thomas during those administrative proceedings.

After the administrative claims process had been exhausted, Thomas hired Phillips to represent her in federal district court. Phillips filed a complaint, seeking reversal of the Appeals Council's decision. See Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) ("When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary. . . .") (quotation marks omitted). The case was referred to a magistrate judge, who

---

[1] For clarity and convenience, we will refer to the contentions in this appeal as if they were raised directly by Phillips.

conducted a hearing and then issued a report recommending that the case be remanded. The district court adopted the magistrate judge's report and recommendation in its entirety and entered judgment remanding the case to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g).[2]

The district court's judgment ordering remand was issued on March 26, 2008. On June 22, 2008, Phillips filed in the district court an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Based on 17.4 hours of work at a rate of $162.50 per hour, Phillips requested $2827.50 in fees and $40.02 in expenses for a total amount of $2,867.52. Phillips stated that the $162.50 hourly rate represented "the EAJA statutory rate of $125.00 adjusted upward using the Consumer Price Index for the month in which Plaintiff's counsel did the most work on this case." In support of his application for fees, Phillips submitted his affidavit stating that in Social Security cases, which constitute the majority of his law practice, he generally charges a contingency fee of 25 percent of the retroactive benefits recovered. For "the rare non-contingent Social Security related matters" that he handles, he charges $300 per hour. Phillips also submitted

---

[2] A sentence-four remand is one based on the fourth sentence of 42 U.S.C. § 405(g), which gives a district court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see Shalala v. Schaefer, 509 U.S. 292, 297 & n.1, 113 S. Ct. 2625, 2629 & n.1 (1993).

the affidavit of Gary Flack, an experienced Social Security practitioner who had worked with Phillips and who attested that $275 to $325 per hour was the fair market rate for Phillips' services. Phillips submitted a costs ledger, detailing the $40.02 in costs he had incurred, all in the form of postage. He also submitted a time sheet, using separate entries to describe his work on the case. For each entry the work done was measured in ten minute increments. The total time spent on the case was 20.4, but some of that time was written off, and only "court time," which included brief writing, was counted. The total after the write-offs was 17.4 hours.

The Commissioner responded with "no substantive objection to the number of hours, hourly rate, or amount of fees requested." The Commissioner's only objection was that EAJA fees must be paid directly to the prevailing party plaintiff instead of to the plaintiff's attorney. See Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008) (holding that under EAJA "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney"). The Commissioner asserted that because Phillips had not submitted a valid assignment, which would permit direct payment to him, the district court should order payment of the EAJA fees to Thomas.

Meanwhile, the administrative proceedings following the district court's remand continued. On January 27, 2009, the Social Security Administration sent

4

Thomas a "Notice of Award" letter. The Commissioner ultimately awarded Thomas $63,703.36 in total past-due social security benefits and set aside 25 percent of that award ($15,925.84) for attorney's fees. The attorney who represented Thomas during the administrative proceedings was awarded $5,300 in fees under § 406(a), leaving a balance of $10,625.84 for attorney's fees available under § 406(b).[3]

While his EAJA application for attorney's fees was still pending before the district court, on February 9, 2009, Phillips filed another application for fees under 42 U.S.C. § 406(b), requesting the $10,625.84 in fees that had been set aside by the Commissioner plus the $2,827.50 that he had originally requested under the EAJA for a total of $13,453.34. Phillips pointed out that this amount was 21.1 percent of the past-due benefits that had been awarded to Thomas, which he asserted was less than the 25 percent allowed by § 406(b) and by his "retainer agreement" with Thomas.

The district court denied Phillips' request for $10,625.84 in attorney's fees under § 406(b) but granted his request for $2,867.52 in fees and expenses to be paid by the government under the Equal Access to Justice Act. Phillips contends

---

[3] Counsel for the Commissioner originally believed that the amounts were as follows: (1) a $62,250 award of benefits; (2) a set aside of $15,562.50 for attorney's fees; (3) and $5,300 in fees under § 406(a), leaving a balance of $10,262.50 for attorney's fees available under § 406(b). The Commissioner now agrees, however, that Phillips' calculations are correct.

that fees also should have been awarded to him under § 406(b) out of Thomas'
award of past-due benefits.

## II.

Phillips argues that the district court misconstrued his fee agreement with
Thomas and that it misinterpreted 42 U.S.C. § 406(b)(1)(A). He asserts that under
Bergen v. Commissioner of Social Security, 454 F.3d 1273 (11th Cir. 2006), he is
entitled to an award of § 406(b) contingent fees because he represented Thomas in
the district court, and she was awarded past-due benefits on remand. The
Commissioner did not oppose the authorization of a § 406(b) fee to Phillips in the
district court and does not oppose it now.[4] The Commissioner states that his "chief
concern is that if Phillips is authorized to receive a § 406(b) fee, that he comply
with EAJA statute and refund the lesser of the EAJA fee or § 406(b) fee to
Thomas."

"[I]nterpretation of an attorney-client fee contract is a question of law
subject to de novo review on appeal." Sweeney v. Athens Reg'l Med. Ctr., 917
F.2d 1560, 1564 (11th Cir. 1990). And "interpretation of a statute is a question of

---

[4] The Supreme Court has noted that the Commissioner "has no direct financial stake" in § 406(b)
fee awards to a claimant's attorney; instead, the Commissioner "plays a part in the fee
determination resembling that of a trustee for the claimants." Gisbrecht v. Barnhart, 535 U.S.
789, 798 n.6, 122 S. Ct. 1817, 1823 n.6 (2002). EAJA fee awards are "payable by the United
States if the Government's position in the litigation was not 'substantially justified.'" Id. at 796,
122 S. Ct. at 1822. Section 406(b) fee awards, by contrast, are payable out of the claimant's
past-due benefits. Id., 122 S. Ct. at 1822; see also 42 U.S.C. § 406(b)(1)(A).

6

law subject to de novo review." In re HealthSouth Corp. Sec. Litig., 572 F.3d

854, 859 (11th Cir. 2009). Therefore, we will take our own close look at Phillips'

fee agreement and the application of § 406(b)(1)(A) to it.

A.

Thomas and Phillips' fee agreement provided that Thomas would pay

Phillips for his representation only if the court "rule[d] in [her] favor." That

sounds like a contingency fee agreement, except for one essential ingredient.

There was no contingency. The conditional language about how the district court

might rule was not really conditional. The fee agreement was executed on July 3,

2008, over three months after the district court had already ruled in Thomas' favor

by remanding her case to the Commissioner on March 26, 2008. See Shalala v.

Schaefer, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631 (1993) ("[A] sentence-four

remand . . . terminates the litigation with victory for the plaintiff. . . .").

The written agreement purported to "record the oral agreement" that Thomas

and Phillips had entered into in January 2006 when Phillips agreed to represent

Thomas in the district court.[5] It states that at that time "[t]hey did not sign a

---

[5] The January 2006 oral agreement between Thomas and Phillips was not enforceable because oral contingency fee contracts violate public policy under Georgia law. See Villani v. Edwards, 554 S.E.2d 184, 186 (Ga. Ct. App. 2001) ("[O]ral contingency contracts are unenforceable as violative of public policy. . . ."); Nelson & Hill, P.A. v. Wood, 537 S.E.2d 670, 676 (Ga. Ct. App. 2000).

7

written agreement because Mr. Phillips forgot to send one to Ms. Thomas." The

fee set by the agreement was "<u>only</u> for representation in the United States Courts"

(emphasis in original). Even though the agreement was executed after the district

court had already ordered the remand, it stated in conditional terms that:

> [i]f the Court remands the case to the Social Security Administration for further proceedings, it will be necessary for Ms. Thomas and Mr. Phillips to reach a new retainer agreement, or for Ms. Thomas to retain another attorney, or for Ms. Thomas to represent herself.

In effect the agreement terminated before it began. Finally the agreement set the

fee, again in conditional terms, as if the remand had not yet occurred:

> <u>If the Court rules in favor of Ms. Thomas</u>, then Mr. Phillips's fee shall be whichever is more:
>
>     (a)    One-fourth (25%) of any retroactive Title II and Title XVI benefits due Ms. Thomas and Ms. Thomas's family; or
>
>     (b)    Any attorney fees paid by the Government under the Equal Access to Justice Act ("EAJA"). Ms. Thomas assigns all EAJA fees to Mr. Phillips.

(emphasis in original).

The district court concluded that the plain language of the agreement

provided that Phillips could get either 25 percent of Thomas' retroactive benefits

<u>or</u> the EAJA fees she would receive, but not both. The court also observed that the

.

agreement did not permit Phillips to be paid any part of the benefits Thomas received on remand because it provided that Phillips' representation began and ended in the district court. The court found that fees related to winning the remand were available under EAJA and that the terms of the fee agreement precluded any entitlement to fees that Phillips might have had under § 406(b). The court also commented that it was "unconscionable" for Phillips to seek $13,453.34 in total fees for 17.4 hours of work.[6]

After reviewing the terms of the fee agreement, we conclude that it is unenforceable. Under Georgia law, "'[t]he general rule is that a past consideration will not support a subsequent promise.'" Whitmire v. Watkins, 267 S.E.2d 6, 7 (Ga. 1980) (quoting Bankers Trust v. Farmers Bank, 136 S.E. 143 (1926)).[7] By the time Thomas signed the agreement Phillips had already completed his representation of her in district court, and her case had been remanded to the

---

[6] If the lodestar method were applied using that total fee, the billing rate would work out to about $773 per hour. See, e.g., Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (explaining that the lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area").

[7] "The interpretation of private contracts is ordinarily a question of state law." In re Chira, 567 F.3d 1307, 1311 (11th Cir. 2009) (quotation marks omitted). Georgia follows the lex loci contractus rule, which "mandates that the validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made." Rayle Tech, Inc. v. DeKalb Swine Breeders, Inc., 133 F.3d 1405, 1409 (11th Cir. 1998) (quotation marks omitted).

9

Commissioner. Phillips' past services provided no consideration for Thomas' agreement to pay Phillips twenty-five percent of her retroactive benefits or to assign to him any EAJA fees (whichever amount was greater). See id. Therefore, whatever fees Phillips was entitled to receive cannot be based on that agreement. See Lotus Property Dev. v. Greer, 630 S.E.2d 112, 114 (Ga. Ct. App. 2006) (holding that agreement was void for lack of consideration).

Furthermore, Phillips did not enter into a contingency fee agreement with Thomas because there was no contingency. There was no contingency because the outcome already was known. See City of Burlington v. Dague, 505 U.S. 557, 565, 112 S. Ct. 2638, 2643 (1992) ("An attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not."). The agreement attempted to create an after-the-fact-contingency, which is something like placing a bet on the winning thoroughbred after he gallops across the finish line. It's too late to gamble because it's too late to assume any risk. It's too late for an agreement to pay a certain amount of fees to be contingent upon an event that has already happened.

B.

We next consider whether the district court properly interpreted § 406(b) when it determined Phillips' fee award. The relevant subpart provides:

10

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In the case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

We have explained: "The purposes of 42 U.S.C. § 406(b) . . . were (1) to limit the size of contingency fees payable by the client, Congress believing that contingent fee arrangements in Social Security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client, and (2) to ensure that attorneys would receive some fees for their representation." Watford v. Heckler, 765 F.2d 1562, 1566–67 (11th Cir. 1985) (citing S. Rep. No. 404, 89th Cong., 1st Sess. 422 (1965), reprinted in 1965 U.S. Code Cong. & Ad. News 1943, 2062) (emphasis omitted)). The Supreme Court has held that a remand from the district court to the Commissioner under sentence four of 42 U.S.C. § 405(g) is a favorable judgment for the claimant, opening the way for an award of attorney's fees under § 406(b). See Shalala, 509 U.S. at 301, 113 S. Ct. at 2631. In Bergen we held that § 406(b) "authorizes an award of attorney's fees where the district court remands the

11

case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen, 454 F.3d at 1277.

That is exactly what happened in Thomas' case. Under these circumstances, § 406(b) authorizes an award of attorney's fees to Phillips. See id. The district court erred when it concluded that Thomas' § 406(b) application for attorney's fees was legally improper and that any attorney's fees related to his victory in securing a § 405(g) sentence-four remand must be covered solely by EAJA.[8]

**III.**

In determining the amount of fees to be awarded under § 406(b), if Thomas and Phillips had actually entered into a valid contingency fee agreement, the district court would have been required to review that agreement for reasonableness under Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817 (2002). In Gisbrecht the Court observed that, unlike fee-shifting statues such as 42 U.S.C. § 1988, which authorize the prevailing party to collect a reasonable attorney's fee from the loser, § 406(b) "authorizes fees payable from the successful party's

---

[8] Determining whether EAJA fees should be awarded requires a different inquiry because those fees "are available only when the government's position is not 'substantially justified.'" Bergen, 454 F.3d at 1277; see also 28 U.S.C. § 2412(d)(1)(A). EAJA fees should not be awarded unless "the Commissioner's position lacks 'a reasonable basis in law and fact.'" Bergen, 454 F.3d at 1277 (quoting Pierce v. Underwood, 487 U.S. 552, 563 n.2, 108 S. Ct. 2541, 2549 n.2 (1988)).

12

recovery." Id. at 802, 122 S. Ct. at 1825. The Court explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."[9] Id. at 807, 122 S. Ct. at 1828.

Even when there is a valid contingency fee agreement, Gisbrecht sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. See id. at 808, 122 S. Ct. at 1828. Under Gisbrecht the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. Id., 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. Id., 122 S. Ct. at 1828. The Gisbrecht Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808–09, 122 S. Ct. at 1829. Once the district court makes a reasonableness

_____

[9] The Court recognized that 25 percent contingency fees "are the most common fee arrangement between attorneys and Social Security claimants." Id. at 800, 122 S. Ct. at 1824.

determination, its findings will "ordinarily qualify for highly respectful review."

Id. at 808, 122 S. Ct. at 1829.

Even though there was no valid contingency agreement in the present case, Gisbrecht's principles should guide the district court in determining a reasonable § 406(b) fee. As we have already explained, under the circumstances of this case Phillips was authorized to seek § 406(b) attorney's fees. If Phillips' fee request was excessive, as the district court obviously thought that it was, the court should have determined what would constitute a reasonable amount for a § 406(b) award.[10]

We vacate the district court's judgment and remand for the court to determine the reasonable amount of a § 406(b) fee award in light of the Gisbrecht principles and all relevant factual circumstances. Because the EAJA fees were awarded as a part of the same judgment that denied any fees under § 406(b), this vacatur includes the EAJA fee award, which the district court should reconsider in order to determine whether the Commissioner's position in the litigation was "'substantially justified.'" Bergen, 454 F.3d at 1277; see also 28 U.S.C. § 2412(d)(1)(A). If the district court finds that Phillips is entitled to some reasonable amount of attorney's fees under both § 406(b) and EAJA, it should require Phillips

---

[10] The district court stated: "The Court finds Phillips' request for fees to be unconscionable and declines to award attorney's fees, other than the EAJA fees." Doc. 25 at 6.

to refund the smaller of the two statutory fees to Thomas. See id. at 796, 122 S. Ct. at 1822 (explaining that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b)" by providing that fees can be awarded under both statutes but that "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)).

**VACATED AND REMANDED.**